J-S03022-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| TERI DIGRAZIO | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PASQUALE DIGRAZIO | |
| Appellant | No. 1010 EDA 2015 |

Appeal from the Order Entered March 10, 2015
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 08-22925

BEFORE:  FORD ELLIOTT, P.J.E., OTT, J., and JENKINS, J.

MEMORANDUM BY OTT, J.:                    **FILED MARCH 03, 2016**

Pasquale DiGrazio (Husband) appeals from the order entered on March 10, 2015, in the Court of Common Pleas of Montgomery County, resolving the issue of equitable distribution between the parties.[1]  Husband now raises four issues: (1) Whether the trial court erred in valuing two pieces of real estate; (2) Whether the trial court abused its discretion awarding Wife 60% of the marital assets; (3) Whether the trial court abused its discretion awarding wife counsel fees; and (4) Whether the trial court erred concluding the appeal should be dismissed for Husband's failure to pay for the notes of testimony.  As will be discussed below, we decline to dismiss this appeal, and we affirm the order of the trial court.

_____

[1] A divorce decree was entered on April 16, 2015.

We quote the factual history of this matter as related by the trial court in its Findings of Fact, which were included in the Equitable Distribution Order of March 10, 2015. We rely upon this statement in lieu of the notes of testimony that Husband failed to provide.

The parties were married on April 13, 1991, and separated in August, 2008. Two of the parties' three children are adults, and the minor child remaining will not be 18 until December, 2015. At time of hearing, Wife was 49 years old and Husband was 50 years old. The minor child resides with Husband.

At a prior support proceeding, it was determined that Husband is employed full time by Coventa, and earns $3,087.00 net per month. Wife was attributed an earning capacity of $30,000 gross per year. She is currently employed part-time as a medical assistant and is attending school to become a registered nurse. As a result of support proceedings, Wife pays (non-guideline) child support of $200 per month to Husband. No evidence was presented which would indicate that either party is incapable of maintaining reasonable employment to meet his/her needs, nor was any testimony was [sic] presented that either suffers from any physical or mental condition that would impact his/her earning capacity.

The former marital residence occupied by Husband and Wife was located at 20 South Barry Avenue. Norristown, Pennsylvania. Wife, by agreement, had exclusive possession of the marital residence from the time the Divorce Complaint was filed until September, 2010, at which time Wife moved from the marital residence to Maryland. In 2009, several offers were made to purchase the property, but were turned down by Husband, in whose sole name both the deed and the mortgage were titled. Wife was unable to make monthly mortgage payments on the property during her period of exclusive possession, and the property was ultimately lost to foreclosure. At a hearing in September, 2009, pictures of the interior of the marital house were presented as evidence. These pictures revealed a house which appeared to be unfinished in some respects or in great

need of repair. It is the general recollection of the Court that both parties acknowledged that the pictures were representative of the condition of the house at time of separation. It is not surprising that the parties were unable to save the house from foreclosure by a sale that would have yielded some profit to them. The marital residence had no value for equitable distribution purposes.

Husband's current residence at 26 Barry Avenue, Norristown, was originally owned by his grandmother, who "gifted" the house to Husband and his sister, by deed dated May 9, 2002. The appreciation on the inherited interest in 26 Barry Avenue is marital property. In 2003, Husband bought out his sister's half interest for $60,000 (half the 2002 appraised value), obtaining a mortgage for $75,000. The current fair market value of 26 South Barry Avenue is $163,500, subject to a mortgage balance of $68,932.20 (as of June, 2014). The marital value of 26 Barry Avenue, for purposes of Equitable Distribution is calculated as follows:

| | |
|---|---|
| $ 163,500.00 | Fair Market Value |
| $ - 11,445.00 | Cost of Sale |
| $ - 60,000.00 | Husband's separate property inheritance |
| <u>$ - 68,932.20</u> | Mortgage balance |
| | |
| $ 23,122.80 | |

A property located at 34 Girard Place, Brigantine, New Jersey, was purchased in 1994 for $85,000 subject to a mortgage of $69,000 and is a marital asset although titled in Husband's name alone. A subsequent refinance for an additional $75,000 provided funds to construct an addition on the marital residence at 20 Barry Avenue. The Brigantine property includes a house which was severely damaged by Hurricane Sandy in October of 2012, and is uninhabitable. Husband received insurance proceeds of $67,711.92 for damage to the house, $15,602.00 of which is still held by the mortgage company. The only credible documentation presented by Husband regarding repairs consists of $177 to disconnect gas lines and otherwise make the property safe.

Credible testimony presented by Husband indicates that he was informed immediately after the storm that the municipality would require the house to be "raised" as part of any reconstruction, and that insurance proceeds would not cover the cost of raising the house. No evidence was presented with respect to the cost of raising or razing the house.

The Brigantine property was never rented to third parties but was maintained by Husband and Wife as a vacation home for them, their children and family members. Although Wife indicated she was "locked out" of the house and was denied use thereof, she never availed herself of legal means to gain access and share use of this property. On-going payments of the mortgage and expenses on the Brigantine property were paid by Husband's parents who continued also to vacation there with Husband and the parties' children after separation. Husband's mother currently pays $1858.17 per month for mortgage, taxes and insurance on Brigantine. As of separation date, the principal balance of the mortgage was $120,849.

The tax assessment on the Brigantine lot appears to be based on this irregular lot having 5335 square feet. If the lot was less than 4500 square feet, a variance from the municipality would be needed to rebuild.

The main marital asset of the parties is the Brigantine property. Wife's appraiser valued the land only at 160,900.00 plus "as is" value of site improvements at $25,000 for a total value of $185,900.00. The Brigantine property has an outstanding mortgage of approximately $134,000.00.

Accordingly, the Court finds the Brigantine property has a marital value calculated as follows:

```
  $ 185,900.00  Appraised value for land and "as is" value…
  +  67,711.92  Insurance proceeds received by Husband
  -  13,013.00  Cost of Sale
  - 134,000.00  Approximate mortgage balance
  -      177.00  Expense from insurance proceeds

  $ 106,421.92  NET value to be distributed…
```

Findings of Fact, 3/11/2015, at 2-5.

Our standard of review for this matter is well settled and is as follows:

A trial court has broad discretion when fashioning an award of equitable distribution. Our standard of review when assessing the propriety of an order effectuating the equitable distribution of marital property is whether the trial court abused its discretion by a misapplication of the law or failure to follow proper legal procedure. We do not lightly find an abuse of discretion, which requires a showing of clear and convincing evidence. This Court will not find an "abuse of discretion" unless the law has been overridden or misapplied or the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence in the certified record. In determining the propriety of an equitable distribution award, courts must consider the distribution scheme as a whole. We measure the circumstances of the case against the objective of effectuating economic justice between the parties and achieving a just determination of their property rights.

*Morgante v. Morgante*, 119 A.3d 382, 386-87 (Pa. Super. 2015) (citation omitted).

Before we begin with the substance of Husband's appeal, we will address the failure to provide this Court with the notes of testimony. As stated above, the trial court noted that Husband did not pay for the notes of testimony and accordingly recommended the appeal be dismissed. *See* Trial Court Opinion, 6/5/2015, at 1-2; Pa.R.A.P. 1911(d). The trial court is correct that it is within our discretion to dismiss the appeal for failure to

provide our Court with the information required to conduct a meaningful review.[2]

The rules of appellate procedure are clear that it is the appellant's duty to provide this court with all the materials required to conduct a review. *See Commonwealth v. Williams*, 715 A.2d 1101 (Pa. 1998) (Ultimate responsibility for a complete record rests with the party raising an issue that requires appellate court access to record materials.) Husband argues that no demand was made for payment, so no payment was owed. Whatever Husband's concerns were with the official stenographer, he has cited no rule of appellate procedure or case law that indicates an appellant is relieved of his or her duty to our Court to provide a complete certified record because of a failure to receive a bill for the notes of testimony.

Nonetheless, the trial court has provided findings of facts and conclusions of law sufficient for us to review some of Husband's claims. Accordingly, while we find some of the issues raised on appeal to be waived for failure to provide this court with sufficient information to conduct a proper review, we will address those issues that are factually sufficient.

---

[2] The docket reveals that on June 11, 2015 Husband requested the notes of testimony be transcribed. The certified record does not reveal if Husband paid for the transcription. Even so, Husband has failed to have the notes of testimony included in the certified record, as is his responsibility.

In his first claim, Husband argues the trial court erred in disregarding the evidence he presented regarding the values of the Norristown[3] and Brigantine properties. We begin by noting his argument regarding the Norristown property is woefully underdeveloped. Essentially, he has provided a cursory argument that he presented expert testimony regarding the value of 26 Barry Avenue, but the trial court accepted the expert valuation provided by Wife, instead. This underdeveloped argument taken in conjunction with the failure to present our Court with the relevant notes of testimony, leaves us unable to conduct a meaningful review. We agree with the trial court that this issue has been waived. Further, it is not our job to reweigh the evidence presented by the parties to the trial court.[4] **See**

_____

[3] Husband does not specify which of the Barry Avenue, Norristown, property valuations he complains of. However, our review of the certified record discloses expert valuations for 26 Barry Avenue only.

[4] Despite the fact that Husband's argument is undeveloped, our review of the certified record reveals certain relevant facts. The expert valuation for 26 Barry Avenue, Norristown, Pennsylvania, submitted by Husband, is self-labeled as a "LIMITED APPRAISAL". **See** Expert Appraisal, Paul C. Piantone, 6/27/2014, at 4, ¶ 9. This appraisal also finds 26 Barry Avenue comparable to 20 Barry Avenue, the former marital home of the DiGrazio's. 20 Barry Avenue is the house the trial court found to be in disrepair.

We also note that while both expert appraisals directly compare 26 Barry Avenue to three other residences, Wife's expert appraisal additionally notes "6 comparable properties currently offered for sale in the subject neighborhood ranging in price from $168,000 to $209,000" as well as "23 comparable sales in the subject neighborhood within the past twelve months ranging in sale price from $155,000 to $210,000." **See** Expert Appraisal, Dean Mazzotta, 6/24/2014, at 2. Accordingly, although we do not base our

*(Footnote Continued Next Page)*

*Pennsylvania Nat. Mut. Cas. Ins. Co. v. St. John*, 106 A.3d 1, 17 n.12 (Pa. 2014) ("it is not the role of an appellate court to reweigh the evidence").

A second aspect of this claim involves the valuation of the Brigantine property. Unsurprisingly, Husband's and Wife's expert appraisals of the property at 34 Girard Place, Brigantine, New Jersey, are substantially different. As noted above, the trial court found, based upon the appraisal provided by Wife, that the Brigantine property had an "as is" value of $185,900.00. Husband provided an expert appraisal of the same property at $127,000.00.

The trial court noted the importance of the lot size as to whether the lot would require a variance to rebuild the residence, which had been rendered uninhabitable due to flooding caused by Hurricane Sandy. The consideration of the lot size was the major difference between Husband's and Wife's expert appraisals. Wife's expert determined the lot size to be 5335 square feet, based upon a rectangular shaped lot, 55' x 97', as well as the property tax bill from the City of Brigantine that lists the lot size as 55' x 97' IRR. Husband's expert appraisal used the irregular dimensions to

*(Footnote Continued)* ─────────────

decision upon these, this information would support the trial court accepting Wife's valuation of the property at $163,000, rather than Husband's valuation at $120,000.

determine the lot size as 4,417 square feet. Husband's calculation of lot size would render the property as legal non-conforming, meaning a variance is required to rebuild. This, in turn, apparently lessens the value of the property. However, Wife's expert reviewed Husband's submitted appraisal and submitted a rebuttal report explaining the differences between the two appraisals, including the difference in lot size, and why Wife's appraisal was valid. *See* Rebuttal Report, Ronald W. Silverman, 11/1/2014. Accordingly, the trial court's reliance upon Wife's expert appraisal is based upon facts of record and we find no error or abuse of discretion therein.

Next, Husband argues that the trial court abused its discretion in awarding Wife 60% of the marital assets. Specifically, Husband argues there is no income disparity between the parties, thereby rendering the 60/40 split unjust. *See* Husband's Brief, at 21. Husband's own evidence disputes that assertion. Husband filed a pre-trial memorandum on August 26, 2011. That pre-trial memorandum asserted Wife's net monthly income to be $2,080.00 and Husband's net monthly income to be $3,087.00. *See* Pre-Trial Memorandum, 8/26/2011, at 3-4. These figures, supplied by Husband, demonstrate a joint net monthly income of $5,167.00. Husband's net monthly income represents 59.74% of the joint net monthly income of the parties. The trial court's 60% award of marital property to Wife virtually mirrors the income disparity between the parties. Because the trial court's

determination is based upon facts of record, we find no abuse of discretion in awarding Wife 60% of the marital assets.

Finally, Husband argues the trial court abused its discretion awarding Wife $5,575.00 for attorney's fees and expenses. The record regarding this claim is insufficient for us to conduct a meaningful review. Therefore, we find the issue waived.[5]

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/3/2016

---

[5] It appears that the trial court awarded Wife $5,575.00 for attorney fees and costs on the basis of vexatious behavior by Husband, including what the trial court determined to have been submitting a fraudulent lien against the Brigantine property. Husband's argument contra the award is couched in terms of lack of economic disparity between the parties. *See Biese v. Biese*, 979 A.2d 892 (Pa. Super. 2009). Husband's argument does not appear to have addressed the trial court's reasoning.