J-A28020-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHN JAMES SUCCI, | |
| Appellant | No. 480 EDA 2015 |

Appeal from the Judgment of Sentence January 16, 2015
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0002732-2014

BEFORE:  PANELLA, SHOGAN, and PLATT,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                **FILED JANUARY 05, 2017**

John James Succi ("Appellant") appeals from the judgment of sentence entered on January 16, 2015, following his conviction of twelve counts of theft by deception, twelve counts of deceptive business practices, two counts of home improvement fraud, and one count of insurance fraud.  After review, we remand the matter to the trial court with instructions and retain panel jurisdiction.

Appellant was a residential and commercial contractor.  Beginning in 2005 and continuing through 2013, Appellant entered into thirteen contracts to build, remodel, or construct additions on certain properties located in Bucks County, Pennsylvania, Philadelphia County, Pennsylvania, and

_____

[*] Retired Senior Judge assigned to the Superior Court.

Margate, New Jersey. In each instance, Appellant either failed to finish the work, failed to obtain necessary permits, failed to perform under the contract, claimed he was insured when he was not, or provided fraudulent receipts. It was also typical for Appellant to quote a price for a particular project and then increase the costs. If the homeowner challenged Appellant's work practices, he threatened them with legal proceedings that would financially cripple the homeowners. In at least two instances, Appellant placed mechanic's liens on homeowners' properties.

On February 10, 2014, Appellant was charged with multiple counts of home improvement fraud, 73 P.S. § 517.8(a)(2), theft by deception, 18 Pa.C.S. § 3922, and deceptive business practices, 18 Pa.C.S. § 4107. On June 16, 2014, Appellant was charged in a separate criminal complaint with additional counts of deceptive business practices and theft by deception, and insurance fraud, 18 Pa.C.S. § 4117(b)(4). On November 14, 2014, the Commonwealth filed a "Motion for Consolidation of Informations for Single Trial" and a "Motion to Admit Prior Bad Acts." Appellant then filed "Defendant's Omnibus Pre-Trial Motion," which included, *inter alia*, a motion to dismiss for improper venue, a motion to dismiss for improper jurisdiction, and a motion to dismiss pursuant to 42 Pa.C.S. § 5552—Statute of Limitations.

On December 2, 2014, and December 4, 2014, the trial court conducted hearings on the pretrial motions. At the conclusion of the

hearings, the trial court granted the Commonwealth's motions and denied Appellant's motions.

On December 4, 2014, Appellant proceeded with a jury trial, and on December 12, 2014, he was found guilty of twenty-seven counts of the consolidated criminal information. On January 16, 2015, Appellant was sentenced to an aggregate term of incarceration of fourteen to twenty-eight years in a state correctional institution. On February 17, 2015, Appellant filed a timely notice of appeal.

On March 11, 2015, Appellant filed a Pa.R.A.P 1925(b) statement. Additionally, Appellant's trial counsel filed a "Motion to Proceed *In Forma Pauperis*" on behalf of Appellant as well as a "Motion to Withdraw as Counsel." After a hearing on April 21, 2015, the trial court granted counsel's motion to withdraw. The trial court then entertained testimony from the Appellate Coordinator from the Bucks County Public Defender's Office. The Coordinator informed the trial court that Appellant's finances rendered him ineligible for public defender representation. N.T., 4/21/15, at 14. Based upon this testimony, the trial court denied Appellant's motion to proceed *in forma pauperis* and informed him of his options:

> [Appellant], you now have a choice. You may represent yourself. If you choose to do so, you are going to have to pay for whatever it is that you need for testimony transcribed from the criminal proceedings. You are going to have to make a request of the court reporters and you are going to have to pay for those—that transcript.

N.T., 4/21/15, at 24. The trial court also explained to Appellant that he had the right to retain private counsel. ***Id.***

Despite the trial court's recital of Appellant's responsibilities if he chose to represent himself, as of the time the trial court filed its Pa.R.A.P 1925(a) opinion on June 12, 2015, Appellant failed to obtain any transcripts. The trial court thus declared:

> Rule 1911(a) of the Rules of Appellate Procedure requires an appellant to make a written request for any transcript required by the rules and make any necessary payment or deposit for the transcript within the time prescribed by the Pennsylvania Rules of Judicial Administration. Pa.R.J.A. No. 5000.1 et seq. If an appellant fails to do so, the appellate court may dismiss the appeal. Pa.R.A.P. 1911(d). An appellate court may only consider facts which have been duly certified in the record on appeal. Where review depends upon facts not present in the record, the claim is waived. Commonwealth v. Williams, 552 Pa. 451, 715 A.2d 1101 (1998); Commonwealth v. Preston, 904 A.2d 1 (Pa. Super. 2006). In the instant case, resolution of all issues [Appellant] has raised on appeal would require a thorough review of the procedural and factual record. Such a review is not possible due to [Appellant's] failure to obtain a transcript of the proceedings. This court therefore finds that any claims by the [Appellant] on appeal have been waived.

Trial Court Opinion, 6/12/15 at 2–3.

On August 19, 2015, Appellant filed a *pro se* petition to proceed *in forma pauperis* with this Court. The Superior Court Prothonotary's Office forwarded the petition to trial counsel, who remained listed as Appellant's representative despite the trial court's order permitting him to withdraw.

On October 20, 2015, Appellant's appeal was dismissed for failure to file an appellate brief. That same day, appellate counsel entered his

appearance on behalf of Appellant. On November 2, 2015, Appellant filed a motion for reconsideration of the October 20, 2015 order dismissing the instant appeal; the motion for reconsideration was granted, and the appeal was reinstated.

Sometime in October of 2015, the relevant notes of testimony were transcribed and the required payment was submitted. The majority of the requested transcripts were transmitted to this Court by December 10, 2015; however, Appellant was concerned that certain transcripts remained missing from the official record. Accordingly, pursuant to Pa.R.A.P. 1926(b), Appellant asked this Court to order supplementation of the record with all the requested transcripts and for certification and transmission of the supplemental record. Appellant's Application for Order for Supplemental Record to be Certified and Transmitted, 4/15/16, at 2. On May 5, 2016, this Court issued a *per curiam* order directing the trial court to certify and transmit a supplemental record to the Superior Court Prothonotary.

Despite the fact that the record on appeal now includes the necessary transcripts, we deem it prudent to remand this matter to the trial court for preparation of a supplemental Pa.R.A.P. 1925(a) opinion. Although Appellant urges that the issues raised on appeal concern purely legal questions over which we exercise *de novo* review, we are convinced that the trial court, who presided over and adjudicated pretrial motions, an involved jury trial, and Appellant's sentencing proceeding is obligated to analyze

Appellant's issues in the first instance. For this reason, we remand the matter and direct the trial court to prepare and submit a supplemental Rule 1925(a) opinion to address the issues raised in Appellant's Pa.R.A.P. 1925(b) statement on their merits. The trial court shall have sixty days within which to comply with this directive.

Case remanded. Panel jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/5/2017