J-S37017-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| WHITLEY ELISE SHARP | |
| Appellant | No. 1877 MDA 2016 |

Appeal from the Judgment of Sentence September 27, 2016
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0002383-2016
CP-22-CR-0002530-2016

BEFORE:  STABILE, J., MOULTON, J., and MUSMANNO, J.

MEMORANDUM BY MOULTON, J.:                    **FILED AUGUST 21, 2017**

Whitley Elise Sharp appeals from the September 27, 2016 judgment of sentence entered in the Dauphin County Court of Common Pleas following her entry of guilty pleas to endangering the welfare of children ("EWOC"), possession of a controlled substance, and possession of drug paraphernalia.[1] Because the transcript from Sharp's sentencing hearing is not in the certified record and we cannot determine whether the failure to include the transcript was caused by Sharp's counsel or by the trial court, we remand for an evidentiary hearing.

---

[1] 18 Pa.C.S. § 4304(a), 35 P.S. § 780-113(a)(16), and 35 P.S. § 780-113(a)(32), respectively.

On August 11, 2016, Sharp pled guilty to the aforementioned offenses. On September 26, 2016, the trial court sentenced Sharp to 3½ to 7 years' incarceration on the conviction for EWOC and imposed no further incarceration on the other offenses. On September 28, 2016, Sharp filed a post-sentence motion to modify sentence, alleging that her sentence was outside the aggravated range and that the sentencing court did not consider the factors set forth in section 9721(b) of the Sentencing Code. The trial court denied the motion on October 19, 2016. On November 11, 2016, Sharp timely filed a notice of appeal.

Sharp's sole issue on appeal is whether the trial court abused its discretion by imposing consecutive sentences "where [Sharp]'s conduct was not so egregious to warrant a three and one half to seven . . . years sentence." Sharp's Br. at 8.

Preliminarily, we must address the missing transcript from the sentencing hearing (herein "sentencing transcript"). In its Pennsylvania Rule of Appellate Procedure 1925(a) opinion, the trial court stated that it "properly exercised its discretion in sentencing [Sharp] in the aggravated range on the charge of [EWOC]" but noted that Sharp failed to request the sentencing transcript. Trial Ct. Op., 1/26/17, at 2. The trial court stated that this failure prevented it from "fully cit[ing] the reasons [it] relied upon for the sentence and which [it] set forth at length." *Id.* at 3. While noting that this Court could find Sharp's claims waived on this basis, the trial court

requests that we remand the matter to allow Sharp to "properly request and file a transcript."[2] *Id.*

Sharp argues that the trial court failed to consider the sentencing factors under section 9721(b) in imposing sentence, which requires us to review the sentencing proceedings. "Our law is unequivocal that the responsibility rests upon the appellant to ensure that the record certified on appeal is complete in the sense that it contains all of the materials necessary for the reviewing court to perform its duty." ***Commonwealth v. Preston***, 904 A.2d 1, 7 (Pa.Super. 2006). Further, Pennsylvania Rule of Appellate Procedure 1911(a) requires that the appellant request a transcript. "When the appellant . . . fails to conform to the requirements of [Pennsylvania] Rule [of Appellate Procedure] 1911, any claims that cannot be resolved in the absence of the necessary transcript or transcripts must be deemed waived for the purpose of appellate review." ***Preston***, 904 A.2d at 7. "It is not proper for either the Pennsylvania Supreme Court or the Superior Court to order transcripts nor is it the responsibility of the appellate courts to obtain the necessary transcripts." ***Id.***

The trial court issued its Rule 1925(a) opinion on January 26, 2017. Seven days later, on February 2, 2017, Sharp's counsel filed two requests

---

[2] Neither Sharp nor the Commonwealth addressed this issue in their respective briefs. Considering the nature of Sharp's claim and the trial court's statements in its Rule 1925(a) opinion, their failure to do so is surprising.

for transcripts. The first requested a transcript of the "entire proceedings" on September 26, 2016 (the date that Sharp was sentenced) and stated that the transcript was needed by February 20, 2017. The second requested a transcript of the "entire proceedings" on "August 11, 2016—Guilty Plea" and stated that the transcript was needed by March 17, 2017. On March 8, 2017, the Dauphin County Court Reporters Office filed a notice of lodging, stating that Sharp's guilty plea transcript had been certified and filed as part of the record. As of the date of this memorandum, the certified record does not show that the Court Reporters Office has lodged a transcript of the sentencing proceedings with the Dauphin County Clerk of Courts.

We cannot discern from the existing record whether Sharp's counsel or the trial court caused an incomplete record to be sent to this Court. In a similar case, our Supreme Court remanded the matter to the trial court to determine whether an "extraordinary breakdown in the judicial process" occurred that prevented transmittal of the complete record to this Court. *See Commonwealth v. Williams*, 715 A.2d 1101, 1106 (Pa. 1998). *Williams* involved a missing transcript from a suppression hearing, which defense counsel allegedly had requested but failed to include in the certified record. *Id.* at 1102-03. Defense counsel, however, claimed that he had passed the transcript to the Commonwealth, who then bore the burden of providing the notes to the Clerk of Quarter Sessions. *Id.* at 1103. This Court found that Williams had waived his claims because he had failed to complete the record. *Id.* at 1103. On appeal, our Supreme Court concluded

that an appellant "should not be denied appellate review if the failure to transmit the record was caused by an 'extraordinary breakdown in the judicial process.'" *Id.* at 1106. The Court remanded Williams' case to the trial court to determine whether the Philadelphia County Clerk of Quarter Sessions or defense counsel caused the delay in transmitting the record to this Court. *Id.* Our Supreme Court concluded:

> We agree with the Superior Court majority where it states that Williams' judgment of sentence should be affirmed if the defense caused the delay in transmitting the record to the Superior Court. We also agree with the Superior Court dissent where it states that Williams should not be denied appellate review if the failure to transmit the record was caused by an "extraordinary breakdown in the judicial process." However, the majority and the dissent reach opposite conclusions because the reasons why the record was not transmitted are not in the record.

*Id.* at 1106.

Here, Sharp's counsel did not request any transcripts until after the trial court filed its Rule 1925(a) opinion, but counsel did request the sentencing transcript on February 2, 2017, to be completed no later than February 20, 2017. That same day, counsel also filed a request for the guilty plea transcript, to be completed no later than March 17, 2017, to which the Court Reporters Office filed a notice of lodging on March 8, 2017. Given that counsel made an effort to complete the record before filing his brief on March 21, 2017, we cannot definitively conclude that Sharp waived her claim by failing to complete the record. Under these circumstances, it is

possible that an "extraordinary breakdown in the judicial process" may have occurred that resulted in the Clerk of Courts sending an incomplete record.

Therefore, in accordance with **Williams**, we remand this matter to the trial court for an evidentiary hearing, to be held within 30 days of the date of this memorandum; the trial court shall inform this Court of its decision. If the trial court determines that an "extraordinary breakdown in the judicial process" caused the sentencing transcript to be excluded from the record, then Sharp shall be allowed to supplement the record with the sentencing transcript. If Sharp is allowed to supplement the record, Sharp shall also submit a sentencing transcript to the trial court. Within 30 days of receipt of the sentencing transcript, the trial court shall issue a new Rule 1925(a) opinion addressing the merits of Sharp's claim.[3]

Case remanded with instructions. Jurisdiction retained.

_____

[3] A new Rule 1925(a) opinion addressing the merits of Sharp's sentencing claim will allow this Court to determine whether the trial court acted within its discretion in sentencing Sharp.