J-S76027-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM WARREN, | : | |
| | : | |
| Appellant. | : | No. 643 WDA 2018 |

Appeal from the Judgment of Sentence, March 8, 2018,
in the Court of Common Pleas of Cambria County,
Criminal Division at No(s):  CP-11-CR-0001633-2017.

BEFORE:  BENDER, P.J.E., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY KUNSELMAN, J.:                    FILED MARCH 01, 2019

William Warren appeals from the judgment of sentence imposed after
he plead guilty to one count of possession with intent to deliver.[1]  We affirm.

The trial court summarized the pertinent facts and procedural history as
follows:

> On February 1, 2018 Warren entered a guilty plea in this
> matter pursuant to a Disposition Under Rule 590(B) of the
> Rules of Criminal Procedure (Plea Agreement) to one count
> of Possession with Intent to Deliver (PWID).  The Plea
> Agreement further indicates that there was no agreement
> as to sentence or any other matter and that all remaining
> charges would be nol prossed thirty-one (31) days after
> sentencing unless an appeal was filed.
>
> On March 8, 2018, Warren was sentenced in this matter
> based upon his prior record score (PRS) of 5 and offense
> gravity score (OGS) of 5 to: pay $300 to the Special
> Administration Fund; and serve eighteen (18) to fifty-nine
> (59) months [of] incarceration in the Cambria County

_____

[1] 35 Pa.C.S.A. § 780-113(a)(16).

Prison. This sentence was within the standard range and less than the statutory maximum. Warren was given credit for time served and found to be eligible for a re-entry program and specifically found eligible for the Cambria County Day Reporting Center (DRC) program. On March 14, 2018, Warren filed a Post-trial Motion seeking a sentence modification of his sentence alleging it was excessively harsh or in the alternative to be deemed re-entry eligible and evaluated for the DRC. A hearing on the Motion was held for April 10, 2018, and Motion was denied by Order that same date, however, Warren was directed to be evaluated for entry into the DRC.

Trial Court Opinion, 6/19/18, at 1-2.[2]

This timely appeal follows. Both Warren and the trial court have complied with Pa.R.A.P. 1925.

Warren raises a single issue for our review: "Whether the trial court erred in denying Warren's post sentence motion?" See Warren's Brief at 4. Specifically, Warren alleges that the trial court "abused its discretion when it sentenced him without regard to his need for in-patient rehabilitation." Id. at 5. Furthermore, Warren asserts that although his sentence falls within the standard range of Pennsylvania Sentencing Guidelines, it nonetheless is unduly harsh and excessive. Id.

Warren's claim implicates a challenge to the discretionary aspects of his sentence. As this Court has summarized:

> Challenges to the discretionary aspects of sentence do not entitle an appellant to review as of right. An appellant

_____

[2] We are not sure why Warren, as part of his post-sentence motion, would alternatively request to be "deemed re-entry eligible and evaluated for the DRC," since the trial court found him to be eligible for the program.

- 2 -

challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

Commonwealth v. Griffin, 65 A.3d 932, 935-36 (Pa. Super. 2013) (citations omitted).

Warren has filed a timely appeal, properly preserved his sentencing issue, and provided the requisite Rule 2119(f) statement. Normally, we would proceed to determine whether Warren has raised a substantial question. However, as explained below, we are unable to reach the merits of Warren's sentencing claims because he has neglected to ensure the pertinent sentencing transcripts appear in the certified record.

It is well settled that an appellant bears the responsibility to ensure the certified record on appeal is complete so that this Court has all the materials necessary to conduct its review. Commonwealth v. Kleinicke, 895 A.2d 562, 575 (Pa. Super. 2006) (en banc). This Court has stated that:

> The fundamental tool for appellate review is the official record of the events that occurred in the trial court. To ensure that an appellate court has the necessary records, the Pennsylvania Rules of Appellate Procedure provide for the transmission of a certified record from the trial court to the appellate court. The law of Pennsylvania is well settled that matters which are not of record cannot be considered

on appeal. Thus, an appellate court is limited to considering only the materials in the certified record when resolving an issue.

* * *

This Court cannot meaningfully review claims raised on appeal unless we are provided with a full and complete certified record. This requirement is not a mere "technicality" nor is this a question of whether we are empowered to complain sua sponte of lacunae in the record. In the absence of an adequate certified record, there is no support for an appellant's arguments and, thus, there is no basis on which relief could be granted.

Commonwealth v. Preston, 904 A.2d 1, 6-7 (Pa. Super. 2006) (en banc) (citations omitted).

"An appellant should not be denied appellate review if the failure to transmit the entire record was caused by an 'extraordinary breakdown in the judicial process.'" Commonwealth v. Williams, 715 A.2d 1101, 1106 (Pa. 1998). However, "[i]n the absence of specific indicators that a relevant document exists but was inadvertently omitted from the certified record, it is not incumbent upon this Court to expend time, effort and manpower scouting around judicial chambers or the various prothonotaries' offices of the courts of common pleas for the purpose of unearthing transcripts . . . that well may have been presented to the trial court but never were formally introduced and made part of the certified record." Preston, 904 A.2d at 7-8.

Within his notice of appeal, Warren indicated "that the complete transcript has been lodged of record at the Cambria County Clerk of Courts." Warren's Notice of Appeal, 4/20/18, at 1. Our review of the certified record

however, that Warren made no formal request for the transcripts, and the record does not include any transcripts. As the trial court reasoned:

> Here, no transcript request was filed for either Warren's sentencing hearing or the hearing on the Post-sentence Motion. Accordingly, the court reporters assigned to those hearings did not prepare those transcripts. It was neither the court reporters nor the Court's duty to investigate which transcripts were necessary, rather it was Warren's obligation under the Rules to order the specific transcripts necessary in his appeal. Since Warren has failed to have the necessary transcripts prepared it is not possible for this Court or the Superior Court to address the issues raised on appeal and they must be deemed waived.

Trial Court Opinion, 6/18/18, at 8. We agree

Without the benefit of the sentencing transcripts, we cannot meaningfully review the merits of Warren's arguments, as there is no support for his sentencing claims upon which this Court could grant relief. Preston, supra. Accordingly, we affirm Warren's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/01/2019

- 5 -