J-A18031-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| MICHAEL MCDONNELL | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| POWER HOUSE SUBS CORPORATE, | : | |
| LLC AND POWER HOUSE SUBS | : | |
| INVESTMENTS, LLC, ELEVATION | : | |
| HOLDINGS LLC, REVZIP LLC, JOHN | : | |
| RUSSELL, WILLIAM RUSSELL, RYAN | : | No. 81 WDA 2023 |
| DELBAGGIO, BRUCE MERTIFF, and | | |
| EMG BRANDS, LLC | | |

Appellants

Appeal from the Order Entered June 27, 2022
In the Court of Common Pleas of Blair County Civil Division at No(s):
No. 2021-01333

BEFORE:  BENDER, P.J.E., LAZARUS, J., and KUNSELMAN, J.

JUDGMENT ORDER BY KUNSELMAN, J.:          **FILED: September 6, 2023**

In this dispute over a failed business deal, Power House Subs Corporate, LLC and Power House Subs Investments, LLC ("the Companies") petitioned us for permission to appeal from an order overruling their preliminary objections to Michael McDonnell's operable complaint.  A motions panel of this Court granted the Companies' permission to appeal the following issue:

> Whether [McDonnell] is barred from asserting claims against [the Companies,] which should have been raised as compulsory counterclaims under Fed.R.Civ.P. 13(a) in a pending federal action to which [McDonnell] is a party?

Power House's Petition for Permission to Appeal at 3.  Having reviewed the certified record, we dismiss that issue as waived.

"The issue of waiver presents a question of law, and, as such, our standard of review is de novo, and our scope of review is plenary." ***Trigg v. Children's Hosp. of Pittsburgh of UPMC***, 229 A.3d 260, 269 (Pa. 2020). "We insist that issues . . . be properly preserved for appellate review both to assure a correct disposition of the merits and to conserve judicial resources." ***Benson v. Penn Cent. Transp. Co.***, 342 A.2d 393, 395 (Pa. 1975).

It is settled law "in this jurisdiction that an appellate court cannot consider anything which is not a part of the record in the case." ***Smith v. Smith***, 637 A.2d 622, 623 (Pa. Super. 1993). Moreover, the obligation to ensure that all of the necessary documents for appellate review are contained within that record falls squarely upon appellants.

"The original papers and exhibits filed in the lower court, paper copies of legal papers filed with the prothonotary by means of electronic filing, the transcript of proceedings, if any, and a certified copy of the docket entries prepared by the clerk of the lower court shall constitute the record on appeal in all cases." Pennsylvania Rule of Appellate Procedure 1921. "Ultimate responsibility for a complete record rests with the party raising an issue that requires appellate court access to record materials." Pa.R.A.P. 1921, *Note* (citing ***Commonwealth v. Williams***, 715 A.2d 1101, 1106 (Pa. 1998)). Hence, an appellant's "failure . . . to ensure that the original record, certified for appeal, contains sufficient information to conduct a proper review constitutes a waiver of the issue(s) . . . ." ***Smith***, ***supra*** at 623–24.

In this case, the Companies neglected to file their operable preliminary objections with the Prothonotary of Blair County. **See** Docket Entries at 5. Instead, they only filed their Brief in Support of Third Preliminary Objections.[1] **See id.** As such, the Companies never ensured that the certified record contains the most important document for appellate review of an order overruling preliminary objections: the preliminary objections themselves. Without the operable preliminary objections, it is impossible for us to ascertain which types of preliminary objections, cognizable under Pennsylvania Rule of Civil Procedure 1028, the Companies asserted in the trial court, or how they claim the complaint was deficient.

Accordingly, the Companies have not properly preserved the issue over which the motions panel granted them permission to appeal for merits-panel review. As such, we dismiss all issues as waived.

Order affirmed. Case remanded for the Companies to file their Answer and New Matter to Mr. McDonnell's Third Amended Complaint.

Jurisdiction relinquished.

---

[1] We note that, on August 16, 2023, although not required by our rules, the Prothonotary of the Superior Court took the extraordinary step of contacting the Prothonotary of Blair County to ask whether they could locate the operable preliminary objections. This Court thereby sought to ensure that there was no breakdown in court operations to excuse the Companies' failure to file the critical document. The Prothonotary of Blair County assured this Court that they never received the Companies' Third Preliminary Objections. Thus, there was no breakdown in court operations.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>9/6/2023</u>