J-S70020-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| TYREE TUCKER | |
| Appellant | No. 3819 EDA 2015 |

Appeal from the PCRA Order November 6, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0000157-2011

BEFORE:  OLSON, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                    **FILED DECEMBER 30, 2016**

Tyree Tucker appeals, *pro se*, from the order entered November 6, 2015, in the Philadelphia County Court of Common Pleas, dismissing as untimely filed his first petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  Tucker seeks relief from the judgment of sentence of 17½ to 35 years' imprisonment imposed on October 28, 2011, following a negotiated guilty plea to third-degree murder and possessing an instrument of crime.[2]  On appeal, Tucker argues the PCRA court erred in dismissing his petition because plea counsel rendered ineffective assistance. For the reasons below, we affirm.

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. §§ 2502(c) and 907, respectively.

The relevant facts underlying Tucker's appeal are as follows. As noted above, on October 28, 2011, Tucker entered a negotiated guilty plea to charges of third-degree murder and possessing an instrument of crime for the September 29, 2010, shooting death of Carmen Duran. In exchange for the plea, the Commonwealth agreed to *nolle pros* the remaining charges of first-degree murder, firearms not to be carried without a license, and carrying a firearm on a public street in Philadelphia,[3] as well as recommend a sentence of 17½ to 35 years' imprisonment. The case proceeded immediately to sentencing, and the trial court imposed the sentence provided for in the plea agreement. No post-sentence motion or direct appeal was filed.

On September 17, 2013, Tucker filed a *pro se* PCRA petition, alleging the ineffective assistance of plea counsel and requesting the reinstatement of his direct appeal rights. He filed a *pro se*, amended petition on July 11, 2014. Thereafter, PCRA counsel was appointed. However, on September 3, 2015, counsel filed a **Turner**/**Finley**[4] "no merit" letter, stating Tucker's petition was untimely filed, and requesting permission to withdraw. On September 22, 2015, the PCRA court sent Tucker notice of its intent to dismiss his petition as untimely filed. Although Tucker sought an extension

---

[3] 18 Pa.C.S. §§ 2502, 6106, and 6108, respectively.

[4] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

of time to file a response, it does not appear the court addressed that request. Ultimately, on November 6, 2015, the PCRA court entered an order dismissing Tucker's petition as untimely, and permitting appointed counsel to withdraw. This appeal followed.[5, 6]

Our review of an order denying PCRA relief is well-established: "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Mitchell*, 141 A.3d 1277, 1283–1284 (Pa. 2016) (internal punctuation and citation omitted). Further, a PCRA court may dismiss a petition "without an evidentiary hearing if there are no genuine issues of material fact and the petitioner is not entitled to relief." *Id.* (citations omitted).

_____

[5] We note Tucker's notice of appeal, filed on December 11, 2015, is facially untimely. *See* Pa.R.A.P. 903 (notice of appeal must be filed within 30 days after entry of order on appeal). Nevertheless, Pennsylvania Rule of Appellate Procedure 108 provides the date of the entry of an appealable order "shall be the day the clerk of the court … mails or delivers copies of the order to the parties." Pa.R.A.P. 108(a)(1). Here, neither the order itself nor the docket entry for November 6, 2015, reflects the date the order dismissing the PCRA petition was sent to Tucker. *See* Pa.R.Crim.P. 114(B)(1) (requiring copies of order be "promptly" served on "each party's attorney, or the party if unrepresented"); (C)(2) (requiring clerk of court to enter on the docket the date of service of an order). Accordingly, we will presume the appeal was timely filed.

[6] The PCRA court did not order Tucker to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Here, the PCRA court dismissed Tucker's petition after concluding it was untimely filed. *See* PCRA Court Opinion, 1/5/2016, at 4-5. The PCRA's time limitations are jurisdictional in nature, and neither a trial court nor an appeals court may ignore the untimeliness of a petition to address the substantive claims raised therein. *See Mitchell*, *supra*, 141 A.3d at 1284.

Pursuant to Section 9545(b)(1), a PCRA petition must be filed within one year of the date the judgment of sentence becomes final. *See* 42 Pa.C.S. 9545(b)(1). Tucker's judgment of sentence was final on November 28, 2011, 30 days after the sentence was imposed, and Tucker failed to file a direct appeal.[7] *See id.* at § 9545(b)(3). Therefore, he had until November 28, 2012, to file a timely petition, and the one before us, filed ten months later, is facially untimely.

However, the PCRA provides that an otherwise untimely petition is not time-barred if a petitioner pleads and proves the applicability of one of three time-for-filing exceptions: (1) interference by government officials, (2) newly discovered evidence, or (3) a newly-recognized constitutional right which had been applied retroactively. *See* 42 Pa.C.S. §§ 9545(b)(1)(i)-(iii). Any petition invoking one of these exceptions must be filed "within 60 days of the date the claim could have been presented." *Id.* at § 9545(b)(2).

_____

[7] Because the 30th day, November 27, 2011, fell on a Sunday, Tucker had until Monday, November 28, 2011, to file a timely notice of appeal. *See* 1 Pa.C.S. § 1908.

In his brief, Tucker provides two explanations for his untimely filing. First, he claims that in "September or October of 2012," he filed a motion for extension of time to file a PCRA petition with the trial court, but the motion was never docketed. Tucker's Brief at 5. **See also** PCRA Court Opinion, 1/5/2015, at 2 n.1. Since this filing would have been within the requisite one-year time period, Tucker suggests his petition should be consider timely filed. **See** Tucker's Brief at 5.

Preliminarily, we note Tucker did not include this claim in his initial or amended PCRA petitions, or in response to the PCRA court's notice of intent to dismiss the petition as untimely. Because it was never presented to the PCRA court, this argument is now waived on appeal. **See** Pa.R.A.P. 302(a); **Commonwealth v. Wharton**, 811 A.2d 978, 987 (Pa. 2002) (holding PCRA "claims cannot be raised for the first time on appeal to this Court").

Moreover, our review reveals his purported attempt to file a timely petition - or rather, his attempt to extend the time to file a timely petition - is neither included in the certified record nor listed on the docket. "As an appellate court, we are 'limited to considering only those facts that have been duly certified in the record on appeal.'" **Commonwealth v. Spotz**, 18 A.3d 244, 323 (Pa. 2011), *quoting* **Commonwealth v. Williams**, 715 A.2d 1101, 1103 (Pa. 1998). Accordingly, for our purposes, Tucker's first post-

sentence filing was his September 2013 PCRA petition. His alleged extra-record attempt to preserve his rights does not provide a basis for relief.[8]

Second, Tucker contends he made "sufficient allegations" to invoke the newly-discovered evidence exception set forth at Subsection 9545(b)(1)(ii). Tucker's Brief at 8. Specifically, he maintains plea counsel provided ineffective assistance by failing to move to withdraw his plea and/or file a direct appeal. *See id.* at 8-9.

Again, we conclude this claim is waived because Tucker did not include it in his initial or amended PCRA petitions, or in response to the PCRA court's notice of intent to dismiss the petition as untimely. *See Commonwealth v. Furgess*, ___ A.3d ___, ___, 2016 PA Super 219, *1 (Pa. Super. Sept. 28, 2016) ("Asserted exceptions to the time restrictions for the PCRA must be included in the petition, and may not be raised for the first time on appeal."). Moreover, even if this claim was not waived, we would conclude it is meritless. Attached to PCRA counsel's "no-merit" letter is a letter from plea counsel to Tucker dated January 6, 2012. In that letter, counsel explained to Tucker why he did not file a post-sentence motion or an appeal

---

[8] We recognize that, in its opinion, the PCRA court refers to *pro se* correspondence, purportedly sent to the "Clerk of Courts" in September and October of 2012, in which Tucker requested "docket sheets to determine the status of his case … and extension of time to file a PCRA petition." PCRA Court Opinion, 1/5/2016, at 2 n.1. However, the court, concluded, like this panel, that it could not "consider [the motions] as filings for PCRA purposes" because they were never docketed. *Id.*

on his behalf, and that the time for filing such requests had expired. ***See*** "No Merit" Letter, 9/3/2015, at Exhibit A. Therefore, Tucker knew well within the one-year filing period that counsel had failed to file a direct appeal. However, he then waited an additional 20 months to file a PCRA petition. ***See*** 42 Pa.C.S. § 9545(b)(2) (stating any petition invoking timing exception must be filed within 60 days of the date the claim could have been presented). Consequently, no relief is warranted.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/30/2016