J-A01039-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

IN RE: N.R.                    :    IN THE SUPERIOR COURT OF
                                         :         PENNSYLVANIA
                                           :

APPEAL OF: N.R. AND D.R., HIS WIFE    :    No. 976 WDA 2016

Appeal from the Order February 9, 2016
in the Court of Common Pleas of Westmoreland County
Civil Division at No(s): 8243 of 2009

BEFORE:    BOWES, OLSON, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:           **FILED APRIL 06, 2017**

      Appellants N.R., and his wife D.R., appeal from the order entered on February 9, 2016, which denied N.R.'s petition for relief from disability and expungement[1] of mental health, involuntary commitment, and treatment records.[2] We affirm.

---

[1] The terms "expungement" and "expunction" are used interchangeably. They are synonymous.

[2] Also before this Court is Appellants' motion to strike the supplemental reproduced record (SRR) filed by the Pennsylvania State Police (Appellee). Motion, 1/9/2017. In that motion, Appellants contend that the SRR should be stricken because (1) "Appellee did not request that [] Appellants' counsel agree to allow the materials to be submitted to [this Court] and did not obtain leave of court to file the same" and (2) the materials contained therein, specifically the *curriculum vitae* of Dr. Douglas R. Ramm, and N.R.'s psychological evaluation and hospital records, "were not before the lower court and are not germane to the issues to be decided there." *Id.* at 2 (unnumbered). Pursuant to Pa.R.A.P. 2156, "[w]hen, because of exceptional circumstances, the parties are not able to cooperate on the preparation of the reproduced record as a single document, the appellee may [...] prepare, serve and file a [SRR] setting forth the portions of the record designated by the appellee." Pa.R.A.P. 2156. "[T]he preparation of a supplemental reproduced record is not favored and the appellate court may suppress a supplemental record which has been separately reproduced without good cause." Pa.R.A.P. 2156, Comment.

*Retired Senior Judge assigned to the Superior Court.

On September 11, 2009, N.R. was committed involuntarily to Excela Health Westmoreland for a period of 120 hours, pursuant to 50 P.S. § 7302 (section 302) of the Mental Health Procedures Act (MHPA).[3] On September 15, 2009, a hearing was held and N.R.'s involuntary commitment was extended pursuant to 50 P.S. § 7303 (section 303) of the MHPA to allow for further treatment for a period of time not to exceed 20 days. The record shows that N.R. attended the hearing and was represented by counsel from the Westmoreland County Public Defender's office. Trial Court Opinion, 2/10/2016, at 2. At the conclusion of the hearing, the mental health review

---

The Rule does not require leave of Court to file an SRR and the record is silent as to what prompted Appellee to file an SRR in this matter. However, as Appellee's counsel points out in his response, "even a cursory review of the record in this case clearly shows that all three of the exhibits in the SRR were identified by N.R.'s trial counsel, introduced by N.R.'s trial counsel, admitted into the record during the hearings in this matter, and were relied upon by both counsel and the [t]rial [c]ourt." Response, 2/6/2017, at 2. The notes of testimony from the November 17, 2015 and January 27, 2016 hearings in this matter confirm that the exhibits at issue were admitted into evidence **by Appellants' counsel**. Further, and perhaps most importantly, all three items at issue are contained in the certified record before this Court. **See Commonwealth v. Williams**, 715 A.2d 1101 (Pa. 1998) ("The fundamental tool for appellate review is the official record of what happened at trial, and appellate courts are limited to considering only those facts that have been duly certified in the record on appeal."). Thus, even if Appellee violated Rule 2156, we are bound to consider the documents at issue. Accordingly, we deny Appellants' motion to strike.

[3] Appellants do not challenge N.R.'s involuntary commitment under section 302.

officer informed N.R. that he had the right to petition the court of common pleas for review of his section 303 commitment. *Id.* N.R. did not do so.

N.R. was eventually released from the hospital[4] and, on February 1, 2013, three years after his commitment, he filed a petition seeking to vacate and expunge his involuntary commitment records, and restore his rights to own a firearm, pursuant to 18 Pa.C.S. § 6105(f)(1), 18 Pa.C.S. § 6111.1(g)(2), and Article 1, Section 1 of the Pennsylvania constitution. A hearing was held on November 17, 2015 and January 27, 2016. On February 9, 2016, the trial court issued on order reinstating N.R.'s right to own a firearm under section 6105(f)(1) and denying N.R.'s request for an expungement under section 6111.1(g)(2). This appeal followed. The trial court did not order Appellants to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925, and none was filed.

On appeal, Appellants argue that the trial court erred by denying expungement of N.R.'s mental health records for the reason that he did not request a timely review of his commitment under section 303 of the MHPA. Appellants' Brief at 4.[5]

---

[4] The exact date of N.R.'s release is not indicated in the record, but it does not appear that his commitment exceeded the 20-day extension.

[5] Although listed in their statement of questions presented, Appellants' brief makes no argument with respect to Article 1, Section 1 of the Pennsylvania Constitution, the due process clause of the 5th Amendment and the 14th Amendment of the U.S. Constitution, or U.S.C. § 922(g)(4). Accordingly, we

"Our well-settled standard of review in cases involving a motion for expunction is whether the trial court abused its discretion." *In re Keyes*, 83 A.3d 1016, 1022 (Pa. Super. 2013).

N.R. was involuntarily committed pursuant to both sections 302 and 303 of the MHPA. Section 6111.1(g) of the Uniform Firearms Act, under which Appellants contend N.R. is entitled to expungement, governs only expungement of involuntary commitment records for persons whose commitment is made pursuant to Section 302. **See** 18 Pa.C.S. § 6111.1(g)(2), (3). This Court has interpreted the plain language of section 6111.1(g) to provide "no opportunity to obtain expunction of mental health records pursuant to a commitment under [section 303]." *In re Jacobs*, 15 A.3d 509, 511 (Pa. Super. 2011), (holding, *inter alia*, that section 6111.1(g) "only imbues the lower court with jurisdiction to review commitments under [section 302]"). Additionally, the **Jacobs** court noted that, even if a petitioner is entitled to expunction under section 302, that expunction cannot occur if the petitioner was also involuntarily committed under section 303. *Id.*

Nonetheless, we are cognizant that when an appellant's due process rights under the MHPA are violated, "we may vacate the certification for

---

find those issues waived. **See Commonwealth v. Williams**, 732 A.2d 1167, 1175 (Pa. 1999) (holding that relief is unavailable for undeveloped claims where insufficient arguments are presented on appeal).

involuntary treatment pursuant to section []303, and direct that all records pertaining to this matter be expunged." *In re Ryan*, 784 A.2d 803, 808 (Pa. Super. 2001). Section 303 of the MHPA provides for extended involuntary emergency treatment of any person who is being treated pursuant to section 302 for a period not to exceed 20 days if, after an informal conference where the patient is represented by counsel, a judge or mental health review officer finds that the patient is severely mentally disabled and in need of continued involuntary treatment, and so certifies. 50 P.S. § 7303(a)-(c). In addition, section 303(c) requires the following:

> At the commencement of the informal conference, the judge or the mental health review officer shall inform the person of the nature of the proceedings. Information relevant to whether the person is severely mentally disabled and in need of treatment shall be reviewed, including the reasons that continued involuntary treatment is considered necessary. Such explanation shall be made by a physician who examined the person and shall be in terms understandable to a layman. The judge or mental health review officer may review any relevant information even if it would be normally excluded under rules of evidence if he believes that such information is reliable. The person or his representative shall have the right to ask questions of the physician and of any other witnesses and to present any relevant information. At the conclusion of the review, if the judge or the review officer finds that the person is severely mentally disabled and in need of continued involuntary treatment, he shall so certify. Otherwise, he shall direct that the facility director or his designee discharge the person.

50 P.S. 7303(c)(1).

Section 303 further provides,

(d) CONTENTS OF CERTIFICATION. -A certification for extended involuntary treatment shall be made in writing upon a form adopted by the department and shall include:

(1) findings by the judge or mental health review officer as to the reasons that extended involuntary emergency treatment is necessary;

(2) a description of the treatment to be provided together with an explanation of the adequacy and appropriateness of such treatment, based upon the information received at the hearing;

(3) any documents required by the provisions of section 302;

(4) the application as filed pursuant to section 303(a);

(5) a statement that the person is represented by counsel; and

(6) an explanation of the effect of the certification, the person's right to petition the court for release under subsection (g), and the continuing right to be represented by counsel.

* * *

(g) PETITION TO COMMON PLEAS COURT. - In all cases in which the hearing was conducted by a mental health review officer, a person made subject to treatment pursuant to this section shall have the right to petition the court of common pleas for review of the certification. A hearing shall be held within 72 hours after the petition is filed unless a continuance is requested by the person's counsel. The hearing shall include a review of the certification and such evidence as the court may receive or require. If the court determines that further involuntary treatment is necessary and that the procedures prescribed by this act have been followed, it shall deny the petition. Otherwise, the person shall be discharged.

50 P.S. § 7303(d), (g).

Here, the record reveals that N.R. was afforded all process due under section 303. He was present and represented by counsel at an informal hearing following which a mental health review officer determined and certified that he was severely mentally disabled and in need of continued involuntary treatment. 50 P.S. § 7303(a)-(c).  He was then informed of his right to petition for review of that certification. 50 P.S. § 7303(g).  The certification itself meets the requirements outlined in 50 P.S. § 7303(d).

While there is no timeframe in section 303(g) outlining when a petition for review to the court of common pleas must be filed, the statute which governs appeals generally provides for a 30-day appeal period. ***See*** 42 Pa.C.S. § 5571 ("Except as otherwise provided in subsections (a) [relating to appeals to the appellate courts] and (c) [outlining exceptions not applicable herein] and in section 5571.1 […], an appeal from a tribunal or other government unit to a court or from a court to an appellate court must be commenced within 30 days after the entry of the order from which the appeal is taken, in the case of an interlocutory or final order.")  Our Supreme Court has observed that a mental health review officer is "a law-trained, quasi-judicial officer who prepares a certification of findings 'as to the reasons that extended involuntary treatment is necessary and a description of the treatment to be provided[.]'" ***In re K.L.S.***, 934 A.2d 1244,

1247-48 (Pa. 2007) (quoting 50 P.S. § 7303(d)). Accordingly, a proceeding before a mental health review officer is an appeal from a tribunal or other government unit subject to the 30-day appeal period under section 5571.

Thus, N.R. was required to petition for review of his section 303 commitment within 30 days of that commitment. He did not do so. Appellants baldy assert that N.R.'s mental condition precluded him from waiving his right to review. However, this argument is underdeveloped.[6] Moreover, N.R. waited three years to raise this issue and does not allege that he timely sought expungement upon becoming mentally sound. Thus, his argument fails.[7]

Accordingly, we find no error in the trial court's denial of Appellants' petition for expungement. **Jacobs**, 15 A.3d at 511.

---

[6] The cases relied upon by Appellants on this point, **Wolfe v. Beal**, 384 A.2d 1187 (Pa. 1978) and **Commonwealth v. Armstrong**, 434 A.2d 1205 (Pa. 1981), are inapplicable here. In **Wolf**, the appellant's illegal involuntary commitment was made pursuant to the now-expired Mental Health and Intellectual Disability Act of 1966. Our Supreme Court held that where a commitment is determined to be illegal, records of that commitment shall be expunged. As Appellee herein points out, "**Wolf** did not create an independent action to challenge a commitment, nor does it allow for statutorily mandated appeal timeframes [of the MHPA] to be circumvented." Appellee's Brief at 11. **Armstrong** does not involve the MHPA at all, but holds that person who successfully completes an accelerated rehabilitative disposition program is entitled to expungement of his or her arrest record. Thus, we find neither case persuasive to the arguments presented in this appeal.

[7] Indeed, Appellants seemingly acknowledge abandonment of this issue in favor of arguing that public policy supports expungement. Appellants' Brief at 14.

Order affirmed. Motion to strike denied. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  4/6/2017