J-A03004-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
KAITLYNN MACKENZIE WOLFE :
:
Appellant : No. 91 WDA 2018

Appeal from the Judgment of Sentence Entered November 29, 2017
In the Court of Common Pleas of Greene County Criminal Division at
No(s): CP-30-CR-0000026-2017

BEFORE: BOWES, J., SHOGAN, J., and STRASSBURGER*, J.

MEMORANDUM BY BOWES, J.: FILED JUNE 11, 2019

Kaitlynn Mackenzie Wolfe appeals from the judgment of sentence of five to ten years of incarceration imposed by the trial court following her convictions for various sex crimes. We affirm.

Appellant, a twenty-year-old female, was accused of crimes in connection with the sexual abuse of D.W., an eleven-year-old male. Appellant lived with D.W. and his family from August to mid-November 2017, during which time she shared a bedroom with D.W. and his older brother. N.T. Trial, 6/6/17, at 45-48. The abuse came to light when D.W.'s parents suggested that Appellant visit for the holidays, prompting D.W. to report that multiple instances of sexual contact had occurred with Appellant in the bedroom that they had shared. Id. at 34. On January 11, 2017, D.W. was forensically interviewed. D.W. stated that he had engaged in repeated acts of vaginal penetration, fellatio, and cunnilingus with Appellant during the late summer

_____
* Retired Senior Judge assigned to the Superior Court.

through mid-November of 2017. Id. at 89-97. The forensic interview was referred to the Pennsylvania State Police ("PSP"), who requested an interview with Appellant. Id. at 131.

On January 12, 2017, Appellant appeared at the Waynesburg PSP barracks for an interview. Id.; N.T. Trial, 6/28/17, at 170. After Appellant was read her Miranda[1] warnings, she waived her rights, and proceeded to engage in a recorded interview with Troopers Joseph Popielarcheck and William Brown. N.T. Trial, 6/6/17, at 131, 138-39; N.T. Trial, 6/28/17, at 4. Appellant denied any criminal wrongdoing. N.T. Trial, 6/28/17, at 172. After the interview was concluded, and the tape recorder turned off, Appellant requested an attorney. N.T. Trial, 6/6/17, at 139, 154. Four minutes later, the tape recorder was turned back on and the troopers re-read Appellant her Miranda warnings. N.T. Trial, 6/28/17, at 10. She proceeded to orally waive her right to an attorney and confess to engaging in approximately fifteen instances of sexual contact with D.W. N.T. Trial, 6/6/17, at 139.

Appellant was charged by criminal information with fifteen counts each of rape of a child, involuntary deviate sexual intercourse ("IDSI") with a person less than thirteen years of age, corruption of minors, indecent exposure, and indecent assault. Prior to trial, Appellant filed a motion to suppress "[a]ny and all statements made . . . after [the] interrogation was re-initiated." See Omnibus Pretrial Motion, 4/13/17, at 1. Appellant alleged that

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

the confession was obtained in violation of her right to counsel after the troopers improperly re-initiated her interrogation without providing her with an attorney, as she had requested. Id. Following a hearing, the trial court entered an order finding the confession admissible, after crediting the testimony of Trooper Popielarcheck that Appellant re-initiated the interrogation with the troopers. Trial Court Order and Opinion, 5/9/17, at unnumbered 6.[2]

On June 6, 2017, Appellant proceeded to a jury trial on all of the charges. At the close of the Commonwealth's case, the trial court denied Appellant's motion for a judgment of acquittal. N.T. Trial, 6/28/17, at 37. However, it did limit the charges that would appear on the jury verdict form to three counts each of rape, ISDI, indecent assault, and indecent exposure, and one count of corruption of minors. Id. at 33-37. The jury convicted Appellant of all of the charges, as amended. Id. at 237-38.

Appellant appeared for sentencing on October 19, 2017. After testimony was received from the adult probation office of Greene County and it was established that Appellant was not a sexually violent predator, the hearing was continued at defense counsel's request. N.T. Sentencing, 10/19/17, at 13. On November 28, 2017, Appellant again appeared for sentencing and the trial court imposed an aggregate sentence of five to ten years of incarceration.

_____

[2] The transcript of the suppression hearing was not made part of the certified record on appeal.

Appellant filed a timely notice of appeal. On January 2, 2018, pursuant to Pa.R.A.P. 1925(b), the trial court ordered Appellant to file a concise statement of errors complained of on appeal by January 23, 2018. On February 22, 2018, the trial court issued an order directing the clerk of courts to transmit the record to this Court without a concise statement, since none had been filed. On March 22, 2018, Appellant filed her concise statement late. Due to Appellant's late filing of her concise statement, the trial court did not issue a Pa.R.A.P. 1925(a) opinion.

After the grant of four extensions of time, Appellant filed her appellate brief on August 7, 2018. On appeal, Appellant raises the following claims, which we reproduce verbatim:

1. Did the trial court and jury error [sic] in determining that the confession of a young woman on trial for sexual assault of a child was the product knowingly, voluntarily, and intelligently [sic] of her right to counsel?

2. Did the Court err in not considering and in not allowing the jury to hear testimony of [Appellant's] social worker who had personal knowledge and information and referral information about the IQ and intelligence level of the appellant?

Appellant's brief at 24.

We must first determine whether Appellant's issues are preserved for our review, since it is well-established that failure to comply with the minimal requirements of the rules of appellate procedure will result in the waiver of those issues on appeal. Commonwealth v. Schofield, 888 A.2d 771, 774 (Pa. 2005). Rule 1925(b) requires an appellant to file of record in the lower

- 4 -

court and serve on the trial judge a concise statement of the errors complained of on appeal no later than twenty-one days after entry of an order requesting the statement. Failure to comply with this requirement will result in the automatic waiver of appellate review of the issues raised in the untimely statement. Commonwealth v. Hill, 16 A.3d 484, 494 (Pa. 2011); Commonwealth v. Castillo, 888 A.2d 775, 779-80 (Pa. 2005).

Here, Appellant's counsel filed a late concise statement. In it counsel conceded his tardiness, but asked the court to accept it because counsel had filed a docketing statement of the questions presented in the Superior Court. Appellant filed a docketing statement in our Court on March 2, 2018, after Appellant had been granted an extension of time due to counsel's failure to file it within the required time frame, and after the trial court's Rule 1925(b) deadline. See Pa.R.A.P. 3517.

The filing of a docketing statement in our court is unrelated to Appellant's Rule 1925 obligations in the trial court. Concise statements are intended to aid the trial court judges in identifying and focusing upon the issues that an appellant intends to raise on appeal. Commonwealth v. Lemon, 804 A.2d 34, 37 (Pa.Super. 2002). Therefore, allowing any type of filing in our Court to replace a timely filed concise statement in the trial court would handicap the trial court's ability to craft its Rule 1925(a) opinion, since the trial court cannot be aided by something that it never received. Accordingly, Appellant's claims are waived due to counsel's failure to file a

timely concise statement of errors complained of on appeal. Hill, supra; Castillo, supra.

Typically, the failure to file and serve a timely Rule 1925(b) statement is considered per se ineffective assistance of counsel. Pa.R.A.P. 1925, Note; Commonwealth v. Thompson, 39 A.3d 335, 339-40 (Pa.Super. 2012). In these cases, we may remedy this error by either remanding for the filing of the missing statement nunc pro tunc or Rule 1925(a) opinion addressing the issues raised in a late-filed statement. Pa.R.A.P. 1925(c)(3); Commonwealth v. Burton, 973 A.2d 428, 432-33 (Pa.Super. 2009). However, waiver will still apply in circumstances where deficiencies exist in the untimely concise statement that a remand for a Rule 1925(a) opinion cannot correct. See, e.g., Commonwealth v. Reeves, 907 A.2d 1, 2 (Pa.Super. 2006) (finding that "[i]f a Rule 1925(b) statement is too vague, the trial judge may find waiver and disregard any argument").

Here, we find that it would be futile to remand for a Rule 1925(a) opinion because it is obvious from the record before us that Appellant cannot obtain relief. In her first issue, Appellant argues that the suppression court erred in denying suppression of her confession, which she made after she invoked her right to an attorney. Our review of the record reflects that Appellant filed an omnibus pretrial motion to suppress the confession and that a hearing was held. Additionally, the certified record contains an opinion and order from the

suppression court. However, the transcript of the suppression hearing was not included for transmittal to this Court.[3]

Generally, matters which are not part of the record cannot be considered on appeal. Commonwealth v. Brown, 161 A.3d 960, 968 (Pa.Super. 2017) (reiterating the "well established principle that 'our review is limited to those facts which are contained in the certified record' and what is not contained in the certified record 'does not exist for purposes of our review.'"); Commonwealth v. Preston, 904 A.2d 1, 6 (Pa.Super. 2006). Indeed, "[o]ur law is unequivocal that the responsibility rests upon the appellant to ensure that the record certified on appeal is complete in the sense that it contains all of the materials necessary for the reviewing court to perform its duty." Id. at 7; see also Commonwealth v. Kleinicke, 895 A.2d 562, 575 (Pa.Super. 2006) (en banc). When an appellant fails to comply with this requirement, any claims that cannot be resolved without the transcripts are waived. Commonwealth v. Williams, 715 A.2d 1101, 1105 (Pa. 1998); Pa.R.A.P. 1911(d) ("If the appellant fails to take the action required by these rules and

_____

[3] In her brief, filed in January of 2019, Appellant acknowledges that the suppression hearing was not transcribed, indicates that she requested the transcript, and references a request form purportedly dated December 1, 2016. Appellant's brief at 32. However, Appellant has not attached a copy of the form and there is nothing in the certified record to suggest that it exists. Notably, the date that Appellant claims her request form was submitted predates the suppression hearing by approximately four months. Accordingly, based on the record before us, Appellant failed to ensure that the transcript of the suppression hearing was completed and before this Court for review.

the Pennsylvania Rules of Judicial Administration for the preparation of the transcript, the appellate court may take such action as it deems appropriate, which may include dismissal of the appeal.").

Given that the suppression court's ruling is based upon evidence and testimony presented at the suppression hearing, appellate review of Appellant's first issue is impossible without the transcript. Accordingly, even if we had the benefit of a Rule 1925(a) opinion addressing Appellant's suppression issue, we would be constrained to deem this issue waived due to the absence of the suppression hearing transcript.

In her second issue, Appellant alleges that the trial court erred when it did not allow the jury to hear testimony from Appellant's social worker regarding reports obtained from other psychiatrists and service providers, including specific testimony about Appellant's IQ of 68. Appellant's brief at 35. Even if we treated Appellant's late-filed 1925(b) statement as filed nunc pro tunc, pursuant to Pa.R.A.P. 1925(c)(3), this issue is waived due to Appellant's failure to state it clearly in her late-filed concise statement.

Generally, an appellant's concise statement must properly specify the errors to be addressed on appeal. Commonwealth v. Butler, 756 A.2d 55, 57 (Pa.Super. 2000) ("When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review."). This means that the Rule 1925(b) statement must be "specific enough for the trial court to identify and address the issue[s] [an appellant] wishe[s] to raise on appeal." Reeves,

supra, at 2. "A [c]oncise [s]tatement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no [c]oncise [s]tatement at all." Id.

In her Rule 1925(b) statement, Appellant presented three issues, but only one could arguably support the preservation of this issue for appeal: "[t]he trial court erred in evidentiary rulings at trial, such that a new trial should be granted." See Concise Statement, 3/22/18, at 1. Appellant proceeded to a jury trial where many evidentiary rulings were made. We find this concise statement to be overly-broad and too vague to permit the trial court to identify and address the specific issue which Appellant later raised in her brief. See Coulter v. Ramsden, 94 A.3d 1080, 1088 (Pa.Super. 2014) ("This Court will not act as counsel and will not develop arguments on behalf of an appellant."). Therefore, even treating Appellant's concise statement as timely filed this issue is waived, because it is too vague.

As Appellant has failed to proffer any properly-preserved issues on appeal, we affirm her judgment of sentence.

Judgment of sentence affirmed.

Judge Shogan joins the memorandum.

Judge Strassburger files a dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>6/11/2019</u>