J. S17035/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
   :        PENNSYLVANIA
v.    :
   :
RONALD ROGERS,    :    No. 728 EDA 2018
   :
Appellant    :

Appeal from the PCRA Order, February 23, 2018,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0011563-2009

BEFORE:  BENDER, P.J.E., OLSON, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:       **FILED JULY 15, 2019**

Ronald Rogers appeals from the February 23, 2018 order entered in the Court of Common Pleas of Philadelphia County that denied his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546 ("PCRA").  We affirm.

A previous panel of this court set forth the following:

> On August 23, 2006, Appellant and Demetrius Hayes were involved in a shootout in which an unrelated bystander, William Green, was struck by an errant bullet and killed.  On February 8-11, 2011, Appellant was tried by a jury.  Tyrone Singleton, an eyewitness, testified for the Commonwealth.  During the direct appeal of this case, we summarized his testimony as follows:
>
> > Tyrone Singleton testified that he met with his friend, Demetrius Hayes, at the corner of 10th and Master Streets on August 23, 2006.  He got into the

passenger seat of Mr. Hayes' black Mercedez–Benz. Mr. Hayes was seated in the driver's seat. Mr. Hayes drove down 10th Street towards Thompson Street. Mr. Hayes pulled his vehicle over toward the curb to where Appellant was standing. While the vehicle was stopped, Mr. Singleton saw two (2) friends of Appellant's, Andre Holliday and Ronald Fenwick, walking on Thompson Street toward Mr. Hayes' vehicle. He saw another male he knew to be a friend of Appellant's across the street standing on the corner.

Mr. Singleton heard Appellant say to Mr. Hayes that "he needs $6,000.00 or it's on." Appellant then pulled a weapon from his waist and began firing. Mr. Singleton leaned over and heard bullets hitting the car. Mr. Hayes then pulled a gun that he had next to him on his seat and returned fire two (2) or three (3) times and then took off at a high rate of speed. Mr. Singleton continued to hear gun shots coming from outside the car as they pulled away.

Mr. Singleton had first testified at trial that Mr. Hayes fired first but then testified the next day that he said that because he was afraid of two (2) men who had been in the courtroom the day before and who were no longer present.

Mr. Singleton's statement to the detectives, testimony at the preliminary hearing and testimony at the trial of Demetrius Hayes were all consistent with his final trial testimony that [Appellant] pulled his weapon first and fired the first shot.

Mr. Singleton further testified that he and Mr. Hayes inspected the vehicle when they got to 10th and Popular Streets and saw that one of the tires was flat; there were three (3) bullet holes in the passenger side door; and, two (2) bullet holes in the passenger side air bag. Mr. Singleton went to retrieve his own vehicle and picked up Mr. Hayes. Later that day, they heard that a person known as "Ill Will" had been killed.

Mr. Singleton testified that prior to August 23, [2006], he had witnessed an incident where [Appellant] shot at Mr. Hayes' vehicle.

*Commonwealth v. Rogers*, No. 2834 EDA 2011, 2013 WL 11262994, *1-*2 (Pa. Super. June 19, 2013) (unpublished memorandum) (original brackets omitted), *appeal denied*, 83 A.3d 415 (Pa. 2014).

As noted above, Singleton had previously testified for the defense at the trial of Hayes and at Appellant's preliminary hearing on September 9, 2009. He had also given a statement to police detectives in relation to this case. In each instance, Singleton testified, consistently with the above, that Appellant fired the first shots. As a result of Singleton's testimony at Hayes' trial, Hayes was acquitted of all charges, including murder.

However, when Singleton first began his testimony at Appellant's trial, he stated that it was Hayes, and not Singleton, who shot first. The trial court stopped the testimony, excused the jury for the day, and said the following on the record to Singleton:

Now that we are all here, let me express this to you, Mr. Singleton, in no uncertain terms: I don't know what your street mind thinks, but I am going to explain it to you.

You maybe made a mistake today. I am not sure. You may have heard incorrectly. You just took the stand in this case, this week, and said that [Hayes] shot first, but last week, you said, under oath, and on this same record, with the same stenographer, and the same Judge, that [Appellant] shot first.

You have now just placed yourself -- the District Attorney was getting ready to see if that was a mistake. I stopped it there, before you said one more thing.

Be very careful what you do, because that's Perjury, and it is Perjury on the record, and it is Perjury in front of the same Judge.

If you are playing some little game here, guess what is going to happen? You are going to get charged with Perjury. Now, this is a Homicide case, so I will make sure that you receive a maximum consecutive sentence.

Think about who you are helping out here, because it isn't yourself.

Now, we are going to take a break for today. Do some long hard thinking tonight. You get on this stand, and you tell the truth. You have been warned. So, you can tell whatever story you want, but I am telling you now: If you say that again, it is Perjury, because it is on the record. If it is the truth, and you perjured yourself before, then live with it, but if it is not the truth, and you think that you are doing some favor, or you are afraid, guess who is getting the sentence here? You, and it will be the maximum, consecutive.

Take him back.

Appellant's attorney made no objection to the court's remarks.

The next day, Singleton resumed his testimony, recanted his testimony from the previous day, and testified that Appellant fired first. Singleton explained that the preceding day he "made a mistake" and "said the wrong thing," because he was nervous.

At the conclusion of the trial, Appellant was found guilty of third-degree murder, aggravated assault, violating the Uniform Firearms Act, and possession of an instrument of crime.[Footnote 1] He was sentenced on May 5, 2011, to sixteen to thirty-two years' incarceration.[Footnote 2] Appellant's judgment of sentence was affirmed by this Court on June 19, 2013, and the Pennsylvania Supreme Court denied Appellant's request for further direct review on January 16, 2014.

> [Footnote 1] 18 Pa.C.S.[A.] §§ 2502(c), 2702, 6106, and 907, respectively.

> [Footnote 2] Appellant received a sentence of sixteen to thirty-two years' incarceration for the murder charge, and lesser concurrent sentences on his other charges.

Appellant filed a timely PCRA petition, *pro se*, on August 5, 2014, and thereafter filed a separate motion to proceed *pro se*. Counsel was appointed to represent Appellant on March 24, 2015; on July 9, 2015, counsel filed a no-merit letter[Footnote 3] and petition to withdraw. The PCRA court conducted *Grazier*[Footnote 4] hearings on October 19, 2015, and December 21, 2015, after which the court allowed counsel to withdraw and allowed Appellant to proceed *pro se* and file an amended petition.[Footnote 5]

> [Footnote 3] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988);

- 5 -

> ***Commonwealth v. Finley***, 550 A.2d 213
> (Pa. Super. 1988).
>
> [Footnote 4] ***See Commonwealth v.
> Grazier***, 713 A.2d 81 (Pa. 1998).
>
> [Footnote 5] Appellant was present at the
> ***Grazier*** hearings via video-conferencing.

Appellant filed an amended petition on February 22, 2016.[Footnote 6]  On June 23, 2016, the PCRA court issued notice of its intention to dismiss Appellant's claims without a hearing pursuant to Pa.R.Crim.P. 907.  The court announced its reasons for dismissing the petition in open court that day; a representative of the Commonwealth was present in court, but Appellant was not.  Appellant did not respond to the Rule 907 notice, and on August 9, 2016, the PCRA court dismissed his petition.

Appellant thereafter filed this timely appeal.

> [Footnote 6] The Commonwealth moved to dismiss Appellant's PCRA petition on May 24, 2016.  In its motion, the Commonwealth argued that the trial court's comments to Singleton were within that court's discretion and that the firearms evidence at trial, which established that eight fired cartridges cases [sic] matching Appellant's gun were found at the scene of the shooting, versus only three from Hayes' gun, supported Singleton's account that Appellant fired first and continued to fire as Hayes escaped. The Commonwealth also argued that no evidentiary hearing was warranted in this case because Appellant did not provide a signed certification regarding each witness he intended to call at the hearing.

*Commonwealth v. Rogers*, No. 2799 EDA 2016 at 1-6, unpublished memorandum (Pa.Super. filed August 16, 2017) (record citations omitted; brackets in original).

In the appeal of the August 9, 2016 order denying appellant PCRA relief, appellant raised two issues. In his first issue, appellant claimed that the PCRA court abused its discretion in dismissing appellant's PCRA petition because counsel was ineffective for failing to object to the trial court's improper pressuring of Tyrone Singleton, the Commonwealth's key witness. (*Id.* at 6.) This court found that this claim had arguable merit. (*Id.* at 12.) Additionally, because the PCRA court failed to hold an evidentiary hearing or address the other two prongs of the ineffectiveness inquiry, this court determined that a remand for an evidentiary hearing was necessary. This court further directed that in the event that either party appealed, the PCRA court was to file a written decision explaining its disposition. (*Id.*) As a result of its disposition on appellant's first issue, this court declined to address appellant's second issue on appeal, wherein appellant alleged ineffectiveness of trial counsel for failure to bring forth certain evidence.[1] (*Id.*)

On February 23, 2018, the PCRA court held the evidentiary hearing, after which it denied appellant PCRA relief. Appellant filed a timely notice of appeal. The PCRA court directed appellant to file a concise statement of errors

---

[1] We note that in the appeal of the August 9, 2016 order at No. 2799 EDA 2016, this court denied the Commonwealth's motion for reconsideration/reargument.

complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely complied. Thereafter, the PCRA court filed its Rule 1925(a) opinion.

Appellant raises the following issue for our review:

> Whether the [PCRA] court erred in denying PCRA relief when the record clearly showed trial counsel had no reasonable basis for his strategy choices on an issue of arguable merit and trial counsel's lack of reasonable strategy choice sufficiently caused prejudice to appellant to the effect that there is a reasonable probability that the outcome would have been different[?]

Appellant's brief at 4.

In PCRA appeals, our scope of review "is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party." **Commonwealth v. Sam**, 952 A.2d 565, 573 (Pa. 2008) (internal quotation omitted). Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. **Pitts**, 981 A.2d at 878. We defer to the PCRA court's factual findings and credibility determinations supported by the record. **Commonwealth v. Henkel**, 90 A.3d 16, 20 (Pa.Super. 2014) (**en banc**). In contrast, we review the PCRA court's legal conclusions **de novo**. **Id.**

Appellant's sole claim asserts ineffective assistance of trial counsel.

> In evaluating claims of ineffective assistance of counsel, we presume that counsel is effective. **Commonwealth v. Rollins**, 558 Pa. 532, 738 A.2d 435, 441 (Pa. 1999). To overcome this presumption, Appellant must establish three factors. First, that the underlying claim has arguable merit. **See Commonwealth v. Travaglia**, 541 Pa. 108, 661

A.2d 352, 356 (Pa. 1995). Second, that counsel had no reasonable basis for his action or inaction. ***Id.*** In determining whether counsel's action was reasonable, we do not question whether there were other more logical courses of action which counsel could have pursued; rather, we must examine whether counsel's decisions had any reasonable basis. ***See Rollins***, 738 A.2d at 441; ***Commonwealth v. (Charles) Pierce***, 515 Pa. 153, 527 A.2d 973, 975 (Pa. 1987). Finally, "Appellant must establish that he has been prejudiced by counsel's ineffectiveness; in order to meet this burden, he must show that 'but for the act or omission in question, the outcome of the proceedings would have been different.'" ***See Rollins***, 738 A.2d at 441 (quoting ***Travaglia***, 661 A.2d at 357). A claim of ineffectiveness may be denied by a showing that the petitioner's evidence fails to meet any of these prongs. ***Commonwealth v. (Michael) Pierce***, 567 Pa. 186, 786 A.2d 203, 221-22 (Pa. 2001); ***Commonwealth v. Basemore***, 560 Pa. 258, 744 A.2d 717, 738 n.23 (Pa. 2000); ***Commonwealth v. Albrecht***, 554 Pa. 31, 720 A.2d 693, 701 (Pa. 1998) ("If it is clear that Appellant has not demonstrated that counsel's act or omission adversely affected the outcome of the proceedings, the claim may be dismissed on that basis alone and the court need not first determine whether the first and second prongs have been met.").

***Commonwealth v. Washington***, 927 A.2d 586, 594 (Pa. 2007).

At the outset, it is important to note that appellant's defense at trial was self-defense, premised on the claim that Hayes fired first. Following the evidentiary hearing on remand, the PCRA court summarized trial counsel's evidentiary hearing testimony as follows:

At the evidentiary hearing after remand, trial counsel explained that his basis for not objecting to the Court's admonishment of Singleton, and not bringing out the court's admonishment before the jury, was that he did not want to adopt Singleton as a witness for the

defense. Trial counsel fully expected Singleton to testify that [appellant] was the initial shooter and based his defense on that fact. Counsel's defense was that Singleton should not be believed because he was Hayes' friend and a passenger in the vehicle that was shot at numerous times. A reasonable person would fully expect Singleton to be adverse to [appellant] as he was a party with interest and bias. Furthermore, Singleton had convictions for crimes of dishonesty and was currently incarcerated. In contrast, the defense had an independent witness with no criminal background[:] Myra Summers. Summers was driving directly behind Hayes' vehicle and gave a statement to detectives that the person in the vehicle shot first. This was the witness the Defense wanted the jury to believe. It would be much more implausible for the jury to accept Singleton's newfound testimony that his friend shot first, particularly in light of the three prior statements given by Singleton that [appellant] shot first. Quite simply, it would not benefit the defense for Singleton to change his testimony so there would be no reason for counsel to object to the court's admonishment.

PCRA court opinion, 6/26/18 at 10.

Our review of the record reveals that the PCRA court accurately summarized trial counsel's testimony as to why he did not object to the trial court's admonishment of Singleton and place the admonishment in front of the jury. Indeed, trial counsel repeatedly testified that he had no basis for objecting to the admonishment because regardless of how Singleton testified, his testimony would not have been determinative because he lacked credibility. (Notes of testimony, 2/23/18 at 15, 25, 34-36, 39-41.) Trial counsel further testified that the most credible defense witness was Ms. Summers who happened to be travelling in a vehicle behind the Hayes

vehicle, witnessed the shooting, and had no connection to any individual involved in the shooting. (*Id.* at 15-16, 21, 33.) Based on trial counsel's testimony, the PCRA court properly determined that counsel had a reasonable basis for failing to object to the trial court's admonishment of Singleton and for failing to place the admonishment in front of the jury. Therefore, appellant failed to satisfy the reasonable basis prong of the ineffectiveness inquiry and the PCRA court properly denied his petition.

Nevertheless, with respect to prejudice, we note that in his brief to this court, appellant claims that:

> [s]ince Ms. Summers never gave trial counsel testimony that was usable to support the self-defense claim,[2] counsel's failure to proceed with impeachment of Singleton for changing testimony after the trial court admonition prevented [a]ppellant from having the jury fully see Singleton entirely to decide if his initial direct testimony was trustworthy. **Had the jury believed Singleton was trustworthy about this, there was a reasonable probability a different outcome would have occurred**.

Appellant's brief at 10 (emphasis added). In order to establish prejudice, however, a petitioner is required to "show that but for the act or omission in question, the outcome of the proceedings would have been different." *Washington*, 925 A.2d at 594 (citation and internal quotation marks

---

[2] We note that appellant failed to include the trial transcript in the certified record on appeal, so we may not consider it. *See* Pa.R.A.P. 1911 (requiring appellant to order any necessary transcripts to complete the record for their appeal); *see also*, *Commonwealth v. Williams*, 715 A.2d 1101, 1103 (Pa. 1998) (holding that appellate courts are limited to considering only the facts contained in the certified record on appeal).

J. S17035/19

omitted). Appellant's claim that if the jury believed Singleton, "there was a reasonable probability a different outcome would have occurred" falls far short of establishing that but for trial counsel's failure to object and place the admonishment in front of the jury, the outcome would have been different.

We finally note that in concluding that appellant failed to demonstrate prejudice, the PCRA court explained:

> Had Counsel brought out before the jury that Mr. Singleton's testimony could possibly have been coerced by the Court, irregardless [sic], Mr. Singleton's testimony was still inconsistent testimony because there is a track record. He gave a statement to police. He testified at the preliminary hearing. He testified at a prior trial just a week earlier. So what we would have is still an unreliable witness.
>
> Secondly, all witnesses were consistent, and that being Mr. Singleton, and Miss Summers and ballistics, basically, that [appellant's] weapon, being held by [appellant], continued to fire at a vehicle that was fleeing, thereby, hitting an innocent bystander with a bullet.
>
> It was proven that it was [appellant's] gun because [appellant] was arrested with that particular weapon two months later that fired the fatal bullet and that nine fired cartridge casings were found at the scene and there was testimony that the vehicle was riddled with bullets or had bullet holes in it and the vehicle took off immediately upon shots being fired, indicating that whoever was firing the weapon, [appellant] continued to fire at a fleeing vehicle which no longer posed a threat to [appellant], thereby, hitting an innocent bystander.
>
> So that would not make out self-defense nor would it qualify under voluntary manslaughter or a mistaken belief in self-defense. So it really would not have changed the result of the proceedings.

Notes of testimony, 2/23/18 at 63-64.  Accordingly, denial of appellant's PCRA

petition would also have been proper because appellant failed to demonstrate

prejudice.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/15/19