J-S65042-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JIMMY LEE LINDSEY | : | |
| | : | |
| Appellant | : | No. 923 MDA 2019 |

Appeal from the PCRA Order Entered May 8, 2019
In the Court of Common Pleas of Columbia County Criminal Division at
No(s):  CP-19-CR-0000278-1993

BEFORE:   PANELLA, P.J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                     **FILED JANUARY 27, 2020**

Appellant, Jimmy Lee Lindsey, *pro se*, appeals from the order entered

May 8, 2019, that dismissed his seventh petition filed under the Post

Conviction Relief Act ("PCRA")[1] without a hearing.  We affirm.

The facts and procedural history underlying this appeal are as follows:

Appellant was arrested in the process of burglarizing a residence near Bloomsburg.  Following his arrest and dissemination of his *Miranda* rights, Appellant informed police that he had committed all the rapes and burglaries that had recently occurred in Bloomsburg.  Appellant's DNA was collected, and it matched the DNA of sperm collected in connection with three unsolved rapes. Appellant was convicted by a jury of multiple counts of rape as well as two counts each of involuntary deviate sexual intercourse and burglary.  On April 24, 1995, he was sentenced to twenty-two to forty-four years imprisonment.  On appeal, we affirmed. *Commonwealth v. Lindsey*, 686 A.2d 1365 (Pa.Super[.] 1996)

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541–9546.

(unpublished memorandum), *appeal denied*, 699 A.2d 734 (Pa. 1997). Appellant thereafter filed a timely PCRA petition, relief was denied, and we affirmed. ***Commonwealth v. Lindsey***, 761 A.2d 1236 (Pa.Super. 2000) (unpublished memorandum), *appeal denied*, 795 A.2d 972 (Pa. 2000). Appellant filed a second and third petition for collateral relief in 2004 and 2006. Both were dismissed as untimely, and we agreed with the disposition of those petitions. ***Commonwealth v. Lindsey***, 907 A.2d 1134 (Pa.Super. 2006) (unpublished memorandum) (second petition); ***Commonwealth v. Lindsey***, 927 A.2d 653 (Pa.Super. 2007) (unpublished memorandum), *appeal denied*, 929 A.2d 644 (Pa. 2007) (third petition).

Appellant's fourth petition, which sought correction of an illegal sentence, was considered untimely, and we affirmed. ***Commonwealth v. Lindsey***, 4 A.3d 702 (Pa.Super. 2010) (unpublished memorandum), *appeal denied*, 14 A.3d 825 (Pa. 2010). Undeterred, Appellant presented a fifth PCRA petition raising numerous challenges to the legality of his sentence. That petition was dismissed as untimely, and we confirmed that the PCRA court's analysis was sound. ***Commonwealth v. Lindsey***, 63 A.3d 823 (Pa.Super. 2012) (unpublished memorandum), *appeal denied*, 63 A.3d 1245 (Pa. 2013).

***Commonwealth v. Lindsey***, No. 2094 MDA 2012, unpublished memorandum at 1-2 (Pa. Super. filed June 21, 2013). In his sixth PCRA petition, "Appellant complained that he was incorrectly assessed the costs of prosecution as part of his sentence and demanded that the court correct the error." ***Id.*** at 3. The PCRA court denied the petition, and this Court concluded the petition was untimely and affirmed. ***Id.*** at 1.

On December 21, 2016, Appellant filed his seventh, *pro se*, PCRA petition, challenging the legality of his sentence. Albeit that this Court had repeatedly ruled in Appellant's earlier appeals that his prior PCRA petitions were untimely and that he may not seek PCRA relief without establishing why his request for relief fits one of the three exceptions to the one-year time bar

of 42 Pa.C.S. § 9545(b), Appellant's current PCRA petition neglects to indicate why said petition should be considered timely.

On October 18, 2017, the PCRA court entered a notice of intent to dismiss all claims without a hearing pursuant to Pa.R.Crim.P. 907 ("Rule 907 Notice"). Appellant filed a response, which included a section on "Timeliness Requirements," reproduced below in its entirety:

> As initially stated in the memorandum of law[2] submitted to th[e PCRA c]ourt, [Appellant] has met 2 exceptions to the timeliness exceptions:
>
>> **1.)** The failure to raise a claim was a result of interference by government official.
>>
>> **2.)** The facts were unknown to [Appellant] previously.
>
> [Appellant] stated that the information that initialed this matter came about with his civil action against the PA Board of Probation and Parole.

---

[2] No memorandum of law was included in the certified record.

> An appellate court may consider only the facts which have been duly certified in the record on appeal. ***Commonwealth v. Young***, 456 Pa. 102, 115, 317 A.2d 258, 264 (1974). All involved in the appellate process have a duty to take steps necessary to assure that the appellate court has a complete record on appeal, so that the appellate court has the materials necessary to review the issues raised on appeal. Ultimate responsibility for a complete record rests with the party raising an issue that requires appellate court access to record materials. ***See, e.g.***, ***Commonwealth v. Williams***, 552 Pa. 451, 460, 715 A.2d 1101, 1106 (1998) (addressing obligation of appellant to purchase transcript and ensure its transmission to the appellate court).

Note to Pa.R.A.P. 1921. Ultimate responsibility for the memorandum of law appearing in the certified record thus rested with Appellant. ***Id.***

"Addendum to Objection Letter," 11/13/2017, at 4.[3]  The response to the Rule

907 Notice did not request to amend the PCRA petition.

On May 8, 2019, the PCRA court dismissed Appellant's petition.  On

June 5, 2019, Appellant filed this timely appeal.[4]

Appellant now presents the following issues for our review:

> 1)    Whether the document[,] the written judgment of sentence order, is without authority?  This lack of authority on the sentencing document is a form of governmental interferences?
>
> Whether this lack of authority renders said document invalid? Thus rendering all sentences imposed invalid?
>
> 2)    Whether state law requires a reason stated on the record; if enhancements are imposed?
>
> 3)    Whether consecutive sentences imposed were cruel and unusual punishment?

Appellant's Brief at 1 (spelling corrected) (suggested answers and

unnecessary capitalization omitted).

"We review the denial of PCRA relief to decide whether the PCRA court's

factual determinations are supported by the record and are free of legal error."

***Commonwealth v. Medina***, 209 A.3d 992, 996 (Pa. Super. 2019) (quoting

***Commonwealth v. Brown***, 196 A.3d 130, 150 (Pa. 2018)).

---

[3] Despite Appellant designating his filing of November 13, 2017, as an "Addendum," no prior response to the PCRA court's Rule 907 Notice appears on the certified docket or in the certified record.  ***See id.***

[4] The PCRA court did not request and Appellant did not file a statement of errors complained of on appeal.

A PCRA petition is subject to the time limitations of 42 Pa.C.S. § 9545. Appellant failed to indicate in his current petition itself why said petition should be considered timely, which automatically precludes relief. *See* ***Commonwealth v. Furgess***, 149 A.3d 90, 92 (Pa. Super. 2016) (timeliness of a post-conviction petition is jurisdictional).

To the extent that we can consider Appellant's attempt to circumvent the time bar from his *pro se* response to the Rule 907 Notice, we would still find that the argument is not preserved.

> The purpose behind a Rule 907 pre-dismissal notice is to allow a petitioner **an opportunity to seek leave to amend his petition** and correct any material defects, ***see Commonwealth v. Williams***, 566 Pa. 553, 782 A.2d 517, 526 (2001), the ultimate goal being to permit merits review by the PCRA court of potentially arguable claims. The response is an opportunity for a petitioner and/or his counsel to object to the dismissal and alert the PCRA court of a perceived error, **permitting the court to "discern the potential for amendment."** ***Id.*** at 527. **The response is not itself a petition and the law still requires leave of court to submit an amended petition.** *See* Pa.R.Crim.P. 905(A).

***Commonwealth v. Rykard***, 55 A.3d 1177, 1189 (Pa. Super. 2012) (emphasis added). Consequently, in his response to the Rule 907 Notice, Appellant should have requested leave to amend his petition to add his assertion that his petition qualified for an exception or exceptions under 42 Pa.C.S. § 9545(b)(1); even if he had done so, the PCRA court still would have had to grant permission for the amendment. ***See generally*** "Addendum to Objection Letter," 11/13/2017; ***see Rykard***, 55 A.3d at 1189. Without an amended petition authorized by the PCRA court following Appellant's response

to the Rule 907 Notice, any argument that any of the three exceptions to the time limitations apply to the current petition is still waived. *See Rykard*, 55 A.3d at 1189; *see also* 42 Pa.C.S. § 9545(b)(1) (PCRA petitioner must plead and prove one of the exceptions to one-year time bar applies).

Appellant reiterates his claim of "governmental interference" in his brief to this Court. Appellant's Brief at 4. However, Appellant's argument is still waived for his failure to include it in his instant PCRA petition itself:

> Regardless of the reasons for [an a]ppellant's belated raising of [an] issue, it is indisputably waived. We have stressed that a claim not raised in a PCRA petition cannot be raised for the first time on appeal. We have reasoned that permitting a PCRA petitioner to append new claims to the appeal already on review would wrongly subvert the time limitation and serial petition restrictions of the PCRA. The proper vehicle for raising this claim is thus not the instant appeal, but rather is a subsequent PCRA petition.

*Commonwealth v. Santiago*, 855 A.2d 682, 691 (Pa. 2004) (internal brackets, citations, and quotation marks omitted); *see also* 42 Pa.C.S. § 9545(b)(1) (PCRA petitioner must **plead** and prove one of the exceptions); *Commonwealth v. Reid*, 99 A.3d 470, 494 (Pa. 2014).

Consequently, the PCRA court was and this Court is without jurisdiction to review the merits of Appellant's claims and properly dismissed his petition. Having discerned no error of law, we affirm the order below. *Medina*, 209 A.3d at 996.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/27/2020