J-A22005-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MICHAEL DEMPSEY | : | No. 104 MDA 2020 |

Appeal from the Order Entered December 18, 2019
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0000793-2019

BEFORE:  SHOGAN, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:                    **FILED OCTOBER 06, 2020**

The Commonwealth appeals from the order granting the suppression motion of Michael Dempsey (Dempsey).[1]  After careful consideration, we affirm.

The suppression court summarized the procedural posture as follows:

> On September 19, 2019, a motion to suppress evidence was filed on behalf of [] Dempsey.  The motion filed on behalf of [Dempsey] challenged the search of his vehicle, residence and person which occurred on February 20, 2019.  A suppression hearing was scheduled for November 19, 2019.  Rather than present any testimony, the Commonwealth submitted the Sealing Order, Application for Search Warrant and Probable Cause Affidavit as an exhibit.

Findings of Fact and Conclusions of Law, 12/17/19, at 1.

---

[1] The Commonwealth has certified their right to appeal because the suppression motion will terminate or substantially handicap the prosecution. Pa.R.A.P. 311(d).

The parties submitted briefs after the hearing. Thereafter, the court found that the search warrant was defective because it was "not properly executed by the issuing authority," and in particular, "was not signed by the issuing authority." *Id.* Relying on ***Commonwealth v. Vaughan***, 789 A.2d 261, 265 (Pa. Super. 2001), the court concluded that "a warrant without the signature of the issuing authority lacks the required prior judicial determination of probable cause and does not constitute a written order." Findings of Fact and Conclusions of Law, 12/17/19, at 2. The court noted that the Sealing Order signed by the issuing authority was not sufficient to establish probable cause. *Id.* For these reasons, the court entered the December 17, 2019 order granting Dempsey's suppression motion. The Commonwealth timely appealed.[2]

The Commonwealth presents a single issue:

> Whether a contemporaneous finding of probable cause in a sealing order, signed by the Judge, satisfies the signature requirement on the face of the search warrant application?

Commonwealth Brief at 4.

The Commonwealth recognizes that there must be a finding, by written order from the issuing authority, that probable cause exists to justify a warrant. The Commonwealth asserts:

> The signature of the issuing authority evidencing that they have reviewed the facts set forth by the affiant, and that those facts establish probable cause, satisfies the on the record finding by

---

[2] Both the trial court and the Commonwealth have complied with Pennsylvania Rule of Appellate Procedure 1925.

written order requirement. ***While there is a specific place for the issuing authority to sign the warrant, it is not an absolute requirement to sign on the correct line, as long as the record, i.e. the documents, show the issuing authority has made a finding of probable cause that can be reviewed by a reviewing court***.

> In this case, the record, [including] the documents presented to the issuing authority, show that a determination of probable cause was made. All of the documents, the warrant and the Application for Sealing, were presented to the issuing authority at the same time. The issuing authority then completed the warrant, albeit without a signature, but then immediately signed the sealing order, which contained language demonstrating that she had made a finding of probable cause. Thus, the record contains a written order showing that probable cause justified the search for, and seizure of, evidence in this case.

Commonwealth Brief at 7 (emphasis added).

Dempsey counters that a "signature on a specific line officially authorizes the Search Warrant Application into a Search Warrant. Other signature lines do not indicate approval of the warrant." Dempsey's Brief at 6.

The suppression court shares Dempsey's view. The court found that although the judge signed the sealing order, she did not sign the warrant "in the proper place." Suppression Court Opinion, 3/16/20, at 2. The court explained:

> The sealing order for the search warrant affidavit was signed by a judge. Although the sealing order does indicate a finding of probable cause, it is not the search warrant and a sealing order is not required to obtain a search warrant. A review of the search warrant reveals that it was not signed by the issuing authority.
>
> A search warrant without the signature of the issuing authority lacks the required prior judicial determination of probable cause and does not constitute a written order.

> ***Commonwealth v. Vaughan***, 789 A.2d 261, 265 (Pa. Super. 2001). A search warrant not signed by the issuing authority has not been issued. ***Id.*** An unsigned search warrant is not sufficient to establish probable cause and the evidence seized pursuant thereto must be suppressed. ***Id.*** "Each search warrant shall be signed by the issuing authority..." Pa.R.Crim.P. 205(A).
>
> The search warrant authorizing the search of [Dempsey's] vehicle and residence was not signed by the issuing authority so there was no determination of probable cause.

Suppression Court Opinion, 3/16/20, at 2.

> In proceeding to the merits of the Commonwealth's claim, we recognize:
>
> When the Commonwealth appeals from a suppression order, we follow a clearly defined standard of review and consider only the evidence from the defendant's witnesses together with the evidence of the prosecution that, when read in the context of the entire record, remains uncontradicted. The suppression court's findings of fact bind an appellate court if the record supports those findings. The suppression court's conclusions of law, however, are not binding on an appellate court, whose duty is to determine if the suppression court properly applied the law to the facts.

***Commonwealth v. Korn***, 139 A.3d 249, 252–53 (Pa. Super. 2016) (citations omitted).

Pennsylvania Rule of Criminal Procedure 205(A) states that a search warrant "shall be signed by the issuing authority." Here, after conducting a hearing, listening to the parties' respective arguments, and considering post-hearing briefs, the court granted Dempsey's motion. The court's order states in pertinent part:

> Upon consideration of the Motion to Suppress Evidence . . . **as well as the Sealing Order, Application for Search Warrant and Probable Cause Affidavit marked as Commonwealth's Exhibit 1** . . . the Motion is GRANTED.

Order, 12/17/19 (emphasis added).

- 4 -

Our review of the record confirms that the Commonwealth introduced the search warrant at the hearing as Exhibit 1. *See* N.T., 11/19/19, at 3. However, our review further reveals that the exhibit is not in the certified record.[3]

"For purposes of appellate review, what is not of record does not exist." *Woskob v. Woskob*, 843 A.2d 1247, 1257 (Pa. Super. 2004), *quoting, Rosselli v. Rosselli*, 750 A.2d 355, 359 (Pa. Super. 2000). "It remains the appellant's responsibility to ensure that a complete record is produced for appeal." *Kessler v. Broder*, 851 A.2d 944, 950 (Pa. Super. 2004) (citation omitted).

This Court recently detailed prevailing case law, as well as Pennsylvania Rule of Appellate Procedure 1921, which addresses the composition of the record on appeal. We explained:

> Before we may review the Commonwealth's claim, we observe that the fundamental tool for appellate review is the official record of the events that occurred in the trial court. *Commonwealth v. Preston*, 904 A.2d 1, 6 (Pa. Super. 2006) (citing *Commonwealth v. Williams*, 552 Pa. 451, 715 A.2d 1101, 1103 (1998)). The law of Pennsylvania is well settled that matters which are not of record cannot be considered on appeal. []
>
> A certified record consists of the "original papers **and exhibits filed in the lower court**, paper copies of legal papers filed with the prothonotary by means of electronic filing, the transcript of proceedings, if any, and a certified copy of the docket entries prepared by the clerk of the lower court[.]" Pa.R.A.P. 1921

---

[3] Nor are there copies of the exhibit in the Commonwealth's reproduced record, or appended to the parties' briefs.

"We can only repeat the well established principle that 'our review is limited to those facts which are contained in the certified record' and what is not contained in the certified record 'does not exist for purposes of our review.'" *Commonwealth v. Brown*, 161 A.3d 960, 968 (Pa. Super. 2017).

Our law is unequivocal that the responsibility rests upon the appellant to ensure that the record certified on appeal is complete in the sense that it contains all of the materials necessary for the reviewing court to perform its duty. [] In *Preston*, we explained that to facilitate an appellant's ability to comply with this requirement, our Supreme Court adopted the following procedural rule effective June 1, 2004:

> The clerk of the lower court shall, at the time of the transmittal of the record to the appellate court, mail a copy of the list of record documents to all counsel of record, or if unrepresented by counsel, to the parties at the address they have provided to the clerk. The clerk shall note on the docket the giving of such notice.
>
> Pa.R.A.P. 1931(d). As the explanatory comment to Rule 1931 indicates, if counsel (or a party) discovers that anything material has been omitted from the certified record, the omission can be corrected pursuant to the provisions of Rule of Appellate Procedure 1926. Under Rule 1926, an appellate court may direct that an omission or misstatement shall be corrected through the filing of a supplemental certified record. However, this does not alter the fact that the ultimate responsibility of ensuring that the transmitted record is complete rests squarely upon the appellant and not upon the appellate courts. *Preston*, [904 A.2d] at 7.

*Commonwealth v. Bongiorno*, 905 A.2d 998, 1000-1001 (Pa. Super. 2006) (*en banc*).

In addition, in *Commonwealth v. Brown*, 617 Pa. 107, 52 A.3d 1139 (2012), our Supreme Court indicated that, in certain circumstances, we may consider an item included in the reproduced record that has been omitted from the certified record. Specifically, where the accuracy of a document is undisputed and contained in the reproduced record, we may consider it. *Id*. at

1145 n.4. ***See also*** Pa.R.A.P. 1921 Note (stating "that where the accuracy of a pertinent document is undisputed, the Court could consider that document if it was in the Reproduced Record, even though it was not in the record that had been transmitted to the Court" (citing ***Brown***, 52 A.3d at 1145 n.4)).

***Commonwealth v. Holston***, 211 A.3d 1264, 1275–76 (Pa. Super. 2019) (*en banc*) (some citations omitted) (emphasis added).

Rule 1921 expressly includes exhibits as constituting part of "the record on appeal in all cases."  Here, Exhibit 1 is not in the certified record or the reproduced record.  We emphasize the language of the court's order granting suppression, stating that it was doing so "upon consideration" of, *inter alia*, "Commonwealth's Exhibit 1."  Order, 12/17/19.  Exhibit 1 is the cornerstone of this appeal.  Although the parties do not dispute the content of the exhibit, our standard of review requires that we examine whether the record supports the suppression court's findings of fact.  ***See Korn***, ***supra***.  Because our review of the Commonwealth's suppression issue is impeded by the absence of Exhibit 1 from the certified record, we are constrained to find the issue waived.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/06/2020